| **United States Bankruptcy Court**<br>District of Delaware | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Atrium Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 75-2814598 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>3890 West Northwest Highway<br>Suite 500<br>Dallas, TX     ZIP CODE 75220 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Dallas | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>   11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>Manufacturer of windows and doors | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☑ Chapter 11    Main Proceeding<br>☐ Chapter 12  ☐ Chapter 15 Petition for<br>☐ Chapter 13    Recognition of a Foreign<br>            Nonmain Proceeding |
|  | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer  ☑ Debts are primarily<br>debts, defined in 11 U.S.C.     business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☑ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Atrium Corporation |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:  See attached Schedule 1 | Case Number: | Date Filed: |
| District:  District of Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>      Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.  See attached.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Atrium Corporation |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney**

X _~~Donna Harman~~_

Signature of Attorney for Debtor(s)
    Domenic E. Pacitti (Bar No. 3989)
Printed Name of Attorney for Debtor(s)
    Klehr Harrison Harvey Branzburg LLP
Firm Name
    919 Market Street, Suite 1000 Wilmington, DE 19801-3062
Address

    (302) 426-1189
Telephone Number
    January 20, 2010
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _~~G T Faherty~~_
Signature of Authorized Individual
    Gregory T. Faherty
Printed Name of Authorized Individual
    Chief Executive Officer and President
Title of Authorized Individual
    January 20, 2010
Date

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ATRIUM CORPORATION, | ) Case No. 10-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

## EXHIBIT C TO VOLUNTARY PETITION

1.    Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- None.

2.    With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm.

**Schedule 1**

Pending Bankruptcy Cases Filed by Affiliates of the Debtor

On January 20, 2010, each of the entities listed below (collectively, the "***Debtors***") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Atrium Corporation.

- ACIH, Inc.
- Aluminum Screen Manufacturers, Inc.
- Atrium Companies, Inc.
- Atrium Door and Window Company - West Coast
- Atrium Door and Window Company of Arizona
- Atrium Door and Window Company of the Northeast
- Atrium Door and Window Company of the Northwest
- Atrium Door and Window Company of the Rockies
- Atrium Enterprises Inc.
- Atrium Extrusion Systems, Inc.
- Atrium Florida, Inc.
- Atrium Vinyl, Inc.
- Atrium Windows and Doors of Ontario, Inc.
- Champion Window, Inc.
- North Star Manufacturing (London) Ltd.
- R.G. Darby Company, Inc.
- Superior Engineered Products Corporation
- Thermal Industries, Inc.
- Total Trim, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ATRIUM CORPORATION, *et al.*,[1] | Case No. 10-_____ ( ) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

Atrium Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "*Creditor List*") based on the Debtors' books and records as of January 19, 2010. The Creditor List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Creditor List does not include (a) persons who come within the definition of "insider" as set forth in section 101(31) of the Bankruptcy Code or (b) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims on a consolidated basis. None of the creditors listed on the Creditor List are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Atrium Corporation (4598); ACIH, Inc. (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company – West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium Door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium Enterprises Inc. (6531); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562); Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. (8042). The Debtors' main corporate address is 3890 W. Northwest Highway, Suite 500, Dallas, Texas 75220.

| (1) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | (2) NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3) NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4) C U D S | (5) AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
|---|---|---|---|---|
| U.S. Bank National Association | U.S. Bank National Association Sandra Spivey Nevada Financial Center 2300 W. Sahara, Suite 350 Las Vegas, Nevada 89102 Tel: (702) 251-1656 Fax: (702) 251-1657 | 11% Senior Subordinated Notes due 2012 | | $47,921,693 |
| U.S. Bank National Association | U.S. Bank National Association Sandra Spivey Nevada Financial Center 2300 W. Sahara, Suite 350 Las Vegas, Nevada 89102 Tel: (702) 251-1656 Fax: (702) 251-1657 | 15% Senior Subordinated Notes due 2012 | | $220,306,577 |
| U.S. Bank National Association | U.S. Bank National Association Sandra Spivey Nevada Financial Center 2300 W. Sahara, Suite 350 Las Vegas, Nevada 89102 Tel: (702) 251-1656 Fax: (702) 251-1657 | 11½% Senior Subordinated Notes due 2012 | | $4,565,000 |
| Cardinal Glass | Cardinal Glass Bowie Neumayer P.O. Box 1450 Minneapolis, MN 55485 Tel: (952) 229-2604 Fax: (952) 935-4781 | Trade Debt | | $814,810 |
| Zurich U.S. (Casualty) | Zurich U.S. (Casualty) Roger H. Levine 8734 Paysphere Circle Chicago, IL 60674 Tel: (312) 496-9313 Fax: (312) 496-9399 | Insurance | | $587,131 |
| Mikron Industries | Mikron Industries David Wemmer P.O. Box 34936 Seattle, WA 98124-1936 Tel: (253) 398-1384 Fax: (253) 850-9970 | Trade Debt | | $492,612 |
| Aurora Plastics Inc | Aurora Plastics Inc Denny Radkowski P.O. Box 73758 Cleveland, OH 44193-0039 Tel: (330) 422-0700 Fax: (330) 626-6450 | Trade Debt | | $319,199 |

2

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
| Amesbury Group | Amesbury Group Bsi Omega David Kline P.O. Box 75483 Charlotte, NC 28275-5483 Tel: (704) 978-3241 Fax: (703) 637-1262 | Trade Debt | | $237,119 |
| PPG Industries | PPG Industries Chris O'Donnell 1 PPG Place, Floor 9E Pittsburgh, PA 15272 Tel: 800-628-0272 Fax: 866-309-9029 | Trade Debt | | $235,347 |
| Royal Window And Door Profiles | Royal Window And Door Profiles Adel Lailali P.O. Box 33092 Newark, NJ 07188 Tel: (888) 248-2337 ext. 2399 Fax: (888) 248-2170 | Trade Debt | | $224,675 |
| Shapes Unlimited | Shapes Unlimited Mike Muscarella 590 E Western Reserve Road, Building 4 Youngstown, OH 44514 Tel: (330) 726-0844 Fax: (330) 758-4353 | Trade Debt | | $219,882 |
| GE Capital Commercial | GE Capital Commercial Kenneth Rohrman P.O. Box 640387 Pittsburgh, PA 15264-0387 Tel: (203) 749-4056 Fax: (513) 985-8653 | Trade Debt | | $180,859 |
| Georgia Gulf Corporation | Georgia Gulf Corporation Gina Barnett P.O. Box 75250 Charlotte, NC 28275-5250 Tel: (800) 241-2673 x4916 Fax: (601) 892-4949 | Trade Debt | | $164,055 |
| Truth Hardware | Truth Hardware Kelly Delaney P.O. Box 60148 Charlotte, NC 28260-0148 Tel: (636) 536-2014 Fax: (636) 536-2014 | Trade Debt | | $139,441 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
| Nichols Aluminum Davenport | Nichols Aluminum Davenport<br>Mike Tinetti<br>P.O. Box 71388<br>Chicago, IL 60694-1388<br>Tel: (800) 442-0707 ext. 7221<br>Fax: (847) 634-8595 | Trade Debt | | $131,076 |
| Salem Carriers Inc | Salem Carriers Inc<br>Scott O'Brien<br>P.O. Box 60675<br>Charlotte, NC 28260-0675<br>Tel: (336) 768-6800 ext 209<br>Fax: (336) 794-1594 | Trade Debt | | $108,851 |
| Ryder Transportation | Ryder Transportation<br>Diane Dewitt<br>P.O. Box 96723<br>Chicago, IL 60693<br>Tel: 817-837-1423 Fax: 817-837-1473 | Trade Debt | | $105,577 |
| Board Of Equalization | Board Of Equalization<br>P.O. Box 942879<br>Sacramento, CA 94279<br>Tel: 800-400-7115 Fax: 916-227-6641 | Tax | | $101,045 |
| Phifer Inc | Phifer Inc<br>Andrew Caldwell<br>P.O. Box 945823<br>Atlanta, GA 30394-5823<br>Tel: (800) 221-5497 Fax: (205) 391-0799 | Trade Debt | | $90,163 |
| H B Fuller Company | H B Fuller Company<br>Mark Hackbarth<br>P.O. Box 905326<br>Charlotte, NC 28290<br>Tel: (800) 654-3931 Fax: (651) 236-5119 | Trade Debt | | $82,723 |
| Vision Industries Group Inc | Vision Industries Group Inc<br>Luke Liang<br>500 Metuchen Road<br>South Plainfield, NJ 07080<br>Tel: (800) 220-4756 Fax: (718) 342-3613 | Trade Debt | | $79,425 |

4

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3)<br>NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4)<br>C U D S | (5)<br>AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
|---|---|---|---|---|
| Salem Leasing Corp | Salem Leasing Corp<br>Jay Kiser<br>P.O. Box 65247<br>Charlotte, NC 28265<br>Tel: 336-661-3235 Fax: 336-661-3410 | Trade Debt | | $78,554 |
| Valspar Corporation | Valspar Corporation<br>Rich Chappel<br>P.O. Box 676996<br>Dallas, TX 75267-6996<br>Tel: (972) 679-5023 Fax: (972) 317-6042 | Trade Debt | | $75,021 |
| New York Wire Company | New York Wire Company<br>Jeff Roscoe<br>152 N. Main Street, P. O. Box 866<br>Mount Wolf, PA 17347<br>Tel: 717-266-5626 Fax: 717-266-5871 | Trade Debt | | $69,341 |
| Industrial Distribution Group | Industrial Distribution Group<br>Kathy Smith<br>P.O. Box 1127<br>Belmont, NC 28012<br>Tel: (704) 398-5602 Fax: (704) 487-0441 | Trade Debt | | $62,187 |
| Edgetech I.G. Inc. | Edgetech I.G. Inc.<br>Christie Wilkins<br>P.O. Box 711960<br>Cincinnati, OH 45271-1960<br>Tel: 740-439-2338 Fax: 740-439-0121 | Trade Debt | | $56,518 |
| Dac Products Inc | Dac Products Inc<br>Todd Woods<br>100 Century Point Drive<br>East Bend, NC 27018<br>Tel: (336) 699-2900x2120<br>Fax: (336) 699-2965 | Trade Debt | | $56,274 |
| Box Board Products Inc | Box Board Products Inc<br>Tom Mardis<br>P.O. Box 534335<br>Atlanta, GA 30353<br>Tel: (336) 668-3347 Fax: (336) 668-7110 | Trade Debt | | $52,852 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
| Pilkington North America Inc. | Pilkington North America Inc. - Bp Stephen Weidner 13834 Collection Cente Drive Chicago, IL 60693 Tel: (800) 221-0444 Fax: (419) 247-3993 | Trade Debt | | $47,099 |
| Texas MPP | Texas MPP Brian Stack P.O. Box 125 Liberty, MO 64069 Tel: 480-333-4412 Fax: 480-333-4447 | Trade Debt | | $44,909 |
| San Bernardino County | San Bernardino County Tax Collector 172 W Third St, 1St Floor San Bernardino, CA 92415 Tel: 909-387-8308 Fax: (909) 387-6716 | Tax | | $42,652 |
| Aluminite Manufacturing Co Inc | Aluminite Manufacturing Co Inc Chad Kegans 137 Sears Road Chehalis, WA 98532 Tel: (360) 748-9201 Fax: (360) 748-4280 | Trade Debt | | $40,720 |
| Truseal Tech Inc. | Truseal Tech Inc. August (Gus) Coppola P.O. Box 641912 Pittsburgh, PA 15264 Tel: (216) 910-1515 Fax: (216) 910-1505 | Trade Debt | | $40,153 |
| Colonial Metal Products Inc | Colonial Metal Products Inc Will Thomas P.O. Box 415 Wheatland, PA 16161 Tel: (724) 346-5550 Fax: (742) 346-5559 | Trade Debt | | $37,837 |
| Vytron Corporation | Vytron Corporation Mark Weaver P.O. Box 279 Loudon, TN 37774 Tel: (865) 458-4624 Fax: (865) 458-2206 | Trade Debt | | $37,535 |
| Aleris Rolled Products | Aleris Rolled Products Jennifer Bruckman P.O. Box 643431 Pittsburgh, PA 15264-3431 Tel: 1-800-627-1501 Fax: 1-502-805-0441 | Trade Debt | | $34,875 |

6

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
| Banc Of America Leasing | Banc Of America Leasing<br>Jordan Block<br>P.O. Box 37199<br>Pittsburgh, PA 15250-7992<br>Tel: (312) 828-4106 Fax: (312) 453-3663 | Trade Debt | | $34,221 |
| Sierra Aluminum Company | Sierra Aluminum Company<br>Bill Hunter<br>2345 Fleetwood Drive<br>Riverside, CA 92509<br>Tel: (951) 781-7800 Fax: 951-787-6574 | Trade Debt | | $34,218 |
| First American Resources | First American Resources<br>Stan Hollander<br>P.O. Box 405089<br>Atlanta, GA 30384-5089<br>Tel: (800) 327-2645 Fax: (404) 526-3307 | Trade Debt | | $34,016 |
| Bostik Inc | Bostik Inc<br>Shiela Clemmer<br>1320 Watertown Plank Road<br>Wauwatosa, WI 53226<br>Tel: 800-843-0844 Fax: 414-774-8075 | Trade Debt | | $33,744 |
| Saint-Gobain Technical Fabrics | Saint-Gobain Technical Fabrics<br>Don Cafarella<br>1795 Baseline Road<br>Grand Island, NY 14072-2010<br>Tel: (630) 551-3751 Fax: (716) 775-3901 | Trade Debt | | $33,466 |
| Century Hardware | Century Hardware<br>Rich Dunkle<br>13621 Ne 126Th Place # 400<br>Kirkland, WA 98034<br>Tel: 616-988-4788 Fax: 616-988-5777 | Trade Debt | | $32,918 |
| Bright Truck Leasing Corp | Bright Truck Leasing Corp<br>Michael Mccrae<br>P.O. Box 951869<br>Dallas, TX 75395-1869<br>Tel: (972) 271-8555 Fax: (972) 271-8559 | Trade Debt | | $32,314 |
| The Quality Group | The Quality Group<br>John Keating<br>P.O. Box 22134<br>Beachwood, OH 44122<br>Tel: 216-561-6100 Fax: 216-561-8404 | Trade Debt | | $32,050 |

DEL1 73690-1

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (IF SECURED ALSO STATE VALUE OF SECURITY) |
| ATN Holding Inc | Atn Holding Inc<br>Rey Nea<br>2319 Locust Court, Suite B<br>Ontario, CA 91761<br>Tel: (909) 923-8618 Fax: (909) 923-8705 | Trade Debt | | $29,701 |
| Alu Die | Alu Die<br>Bill Ferguson<br>1215 Kerrisdale Blvd<br>Newmarket, ON L3Y8W1<br>Tel: 905-898-5445 Fax: 905-898-0199 | Trade Debt | | $28,926 |
| Hartung/Agalite | Hartung/Agalite Bob Morse<br>P.O. Box 34935<br>Seattle, WA 98124-1935<br>Tel: (800) 552-2227 Fax: (425) 656-2601 | Trade Debt | | $28,149 |
| Magnolia Metal & Plastic Prod | Magnolia Metal & Plastic Prod<br>Tony Malik<br>247 Armory Dr<br>Vicksburg, MS 39183<br>Tel: (601) 638-6912 Fax: (601) 636-2552 | Trade Debt | | $24,581 |
| Astro Shapes | Astro Shapes<br>Frank Beato<br>P.O. Box 931438<br>Cleveland, OH 44193-0486<br>Tel: 330-755-1414 Fax: 330-755-2233 | Trade Debt | | $23,525 |
| Linde North America And Specialty Gases | Linde North America And Specialty Gases<br>Tom Gallagher<br>88299 Expedite Way<br>Chicago, IL 60695-1700<br>Tel: (908) 252-9300 Fax: (908)252-0811 | Trade Debt | | $23,448 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ATRIUM CORPORATION, *et al.*,[1] | Case No. 10-_____ (___) |
| Debtors. | Joint Administration Requested |

## DECLARATION CONCERNING CONSOLIDATED
## LIST OF CREDITORS HOLDING THE 50 LARGEST UNSECURED CLAIMS

The consolidated list of creditors holding the 50 largest unsecured claims filed in electronic format contemporaneously with the foregoing petition (the "*Creditor List*") constitutes a full and complete list of the name and address of each creditor. The Creditor List is being filed pursuant to section 521 of title 11 of the United States Code, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") reserve the right to file an amended or supplemental Creditor List. The Creditor List is based upon the internal bookkeeping records of the Debtors and is accurate to the best of the undersigned's knowledge, information and belief, subject to further review. No comprehensive legal or factual investigations with regard to possible defenses to any claims set forth on the Creditor List have been completed, however. Accordingly, the Creditor List does not, and should not, be deemed to constitute: (a) a waiver of any defense of any listed claims; (b) an acknowledgement of the allowability of any listed claims, or (c) a waiver of any other right or legal position of the Debtors.

I, Gregory T. Faherty, Chief Executive Officer and President of Atrium Corporation, declare under penalty of perjury that I have reviewed the Creditor List and that the information contained therein is true and correct to the best of my information.

Dated: January 20, 2010

_____
Gregory T. Faherty
Chief Executive Officer and
President

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Atrium Corporation (4598); ACIH, Inc. (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company - West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium Door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium Enterprises Inc. (6531); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562); Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. (8042). The Debtors' main corporate address is 3890 W. Northwest Highway, Suite 500, Dallas, Texas 75220.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | )<br>) Chapter 11<br>) |
| ATRIUM CORPORATION, | ) Case No. 10-_____ (___)<br>) |
| Debtor. | )<br>)<br>) |

## CERTIFICATION CONCERNING CREDITOR MATRIX

The above-captioned debtor, as debtor and debtor in possession (the *"Debtor"*), hereby certifies under penalty of perjury that the consolidated list of creditors submitted herewith (the *"Creditor Matrix"*) pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, formatted in portable document format and containing the list of creditors of the Debtor, is complete, and, to the best of the Debtors' knowledge, correct and consistent with the Debtor's books and records.

The Creditor Matrix is based upon the internal bookkeeping of the records of the Debtor and is accurate to the best of the undersigned's knowledge, information and belief, subject to further review. No comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth on the Creditor Matrix have been completed, however. Accordingly, the Creditor Matrix should not be deemed to constitute: (a) a waiver of any defense to any listed claims; (b) an acknowledgment of the allowability of any listed claims; or (c) a waiver of any other right or legal position of the Debtor.

I, Gregory T. Faherty, the undersigned signatory of Atrium Corporation, named as a Debtor in this case, declare under penalty of perjury that I have reviewed the Creditor Matrix and that it is true and correct to the best of my information and belief.

Dated: January 20, 2010

_____
Gregory T. Faherty
Chief Executive Officer and
President

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ATRIUM CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-_____ (___) |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | STOCKHOLDER | STOCK CLASS | NUMBER OF SHARES | PERCENTAGE OWNERSHIP OF ATRIUM CORPORATION[1] | ADDRESS, PHONE AND FAX |
|---|---|---|---|---|---|
| Atrium Corporation | ATR Acquisition, LLC | Common | 251,453.72 | 29.15% | c/o Kenner & Company 437 Madison Avenue New York, NY 10022 Ph: 212-319-2340 Fax: 212-758-0406 |
| Atrium Corporation | Kenner Equities IV, L. P. | Common | 41,176.47 | 4.77% | c/o Kenner & Company 437 Madison Avenue New York, NY 10022 Ph: 212-319-2340 Fax: 212-758-0406 |
| Atrium Corporation | ML Global Private Equity Fund, L. P. | Common | 10,646.279 | 1.23% | c/o BAML Capital Partners 4 World Financial Center 23rd Floor New York, NY 10080 Ph: 212-449-6938 Fax: 212-449-1119 |
| Atrium Corporation | David Paul Oddo and Adele Oddo, Co-Trustees of The Oddo Family Trust U/D/T Dated 8-13-84 | Common | 5,000 | 0.58% | 3191 Gardenia Lane Yorba Linda, CA 92886 Ph: 714-930-5926 |

| | | | | | |
|---|---|---|---|---|---|
| Atrium Corporation | Darby, Cliff B | Common | 255 | 0.03% | c/o R.G. Darby Company<br>3110 Kendall Dr.<br>Florence, AL 35630<br>Ph: 256-767-4680<br>Fax: 256-718-1091 |
| Atrium Corporation | Cornwell, Michael H | Common | 200 | 0.02% | c/o Atrium Windows and Doors<br>300 Welcome Center Blvd.<br>Welcome, NC 27374<br>Ph: 800-969-6866 |
| Atrium Corporation | Agostinelli, Darvin D | Common | 50 | 0.01% | c/o Atrium Companies, Inc.<br>3890 West Northwest Hwy Suite 500<br>Dallas, TX 75220<br>Ph: 214-630-5757<br>Fax: 214-630-5058 |
| Atrium Corporation | Rentfrow, Jamey | Common | 40 | 0.00% | c/o Extruders, Inc.<br>930 Hensley Lane<br>Wylie, TX-75098<br>Ph: (972) 442-3535 |
| Atrium Corporation | Ragona, Philip J | Common | 25 | 0.00% | c/o Atrium Companies, Inc.<br>3890 West Northwest Hwy Suite 500<br>Dallas, TX 75220<br>Ph: 214-630-5757<br>Fax: 214-630-5058 |
| Atrium Corporation | McGlinn, James F | Common | 15 | 0.00% | 26312 Ibeza Rd.<br>Mission Viejo, California 92692 |
| Atrium Corporation | KAT CP Coinvestment, LLC | Series A Preferred | 55,656 | 6.45% | c/o Kenner & Company, Inc.<br>Attn: Thomas M. Wolf<br>437 Madison Avenue<br>New York, New York 10022 |
| Atrium Corporation | KAT CP Coinvestment - Series B, LLC | Series B Preferred | 478, 087 | 55.43% | c/o Kenner & Company, Inc.<br>Attn: Thomas M. Wolf<br>437 Madison Avenue<br>New York, New York 10022 |

| Atrium Corporation | Highland Crusader Offshore Partners LP | Series C Preferred | 13,118 | 1.52% | Attention: Chief Financial Officer Chancery Hall 52 Reid Street Hamilton HM12 Bermuda Phone: (972) 628-4188 Fax: (972) 628-4155 |
| --- | --- | --- | --- | --- | --- |
| Atrium Corporation | Highland Credit Opportunities CDO, Ltd. | Series C Preferred | 6,820 | 0.79% | Attn: Clint Gilchrist 13455 Noel Rd. Suite 800 Dallas, TX 75240 Ph. (972) 628-4100 Fax (972) 628-4155 |

I, Gregory T. Faherty, the undersigned signatory of Atrium Corporation, named as a debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: January 20, 2010

Gregory T. Faherty
Chief Executive Officer and
President

---

[1] Sum of percentages is not 100% due to rounding.

3

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## ATRIUM CORPORATION AND CERTAIN OF ITS SUBSIDIARIES

At a telephonic meeting on January 19, 2010, of the Board of Directors (the "***Board of Directors***") of each of

(i) Atrium Corporation, ACIH, Inc., Atrium Companies, Inc., Aluminum Screen Manufacturers Inc., Atrium Door and Window Company of Arizona, Atrium Door and Window Company of the Northwest, Atrium Enterprises, Inc., Atrium Extrusion Systems, Inc., Atrium Vinyl, Inc., Atrium Windows and Doors of Ontario, Inc., Champion Window, Inc., Thermal Industries, Inc., each a Delaware corporation;

(ii) Total Trim, Inc. and R.G. Darby Company, Inc., each an Alabama corporation;

(iii) Atrium Florida, Inc. and Atrium Door and Window Company - West Coast, each a Texas corporation;

(iv) Superior Engineered Products Corporation, a California corporation;

(v) Atrium Door and Window Company of the Rockies, a Colorado corporation; and

(vi) Atrium Door and Window Company of the Northeast, a Connecticut corporation,

(each, a "***Company***" and, collectively, the "***Companies***"), each Company (and its respective Board of Directors) took the following actions and adopted the following resolutions:

WHEREAS, the Board of Directors reviewed and considered the materials presented by each Company's management team and the financial and legal advisors of each Company, including the presentations to the Board of Directors made by Kirkland & Ellis LLP and Moelis & Company LLC (copies of which will be attached to the minutes of the telephonic meeting), regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's businesses; and

WHEREAS, the Board of Directors has had the opportunity to consult with each Company's management team and the financial and legal advisors to the Companies and fully consider each of the strategic alternatives available to the Companies;

## I. Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that each Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"); and it is

RESOLVED FURTHER, that the officers of each Company (collectively, the "*Authorized Officers*"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's businesses.

## II. Restructuring and Lock-Up Agreement

NOW THEREFORE BE IT RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of each Company into that certain Restructuring and Lock-Up Agreement by and among each Company, certain of its affiliates and certain lenders under the Second Amended and Restated Credit Agreement, dated as of October 15, 2008 substantially in the form presented to the Board of Directors on the date hereof.

## III. Chapter 11 Plan and Related Disclosure Statement

NOW THEREFORE BE IT RESOLVED, that the Board of Directors, hereby authorizes management of each Company, upon advice from each Company's advisors, to file the *Joint Plan of Reorganization of Atrium Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "*Plan*") and the related disclosure statement (the "*Disclosure Statement*"), substantially in the form of the Plan and Disclosure Statement presented to the Board of Directors on the date hereof; and it is

2

RESOLVED FURTHER that in the event there are any material changes made to the Plan as a result of ongoing negotiations with the various constituencies in the chapter 11 cases, such changes shall require the further approval of the Board of Directors.

## IV.     Retention of Professionals

NOW THEREFORE BE IT RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP as co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Moelis & Company LLC, as investment banker and financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Moelis & Company LLC; and it is

RESOLVED FURTHER, that the Authorized Officers, and

3

they hereby are, authorized and directed to employ the firm of Deloitte Financial Advisory Services LLP as bankruptcy administrative services provider to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Deloitte Financial Advisory Services LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditors; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP; and it is

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of The Garden City Group, Inc. as notice and claims agent to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of The Garden City Group, Inc.; and it is

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of Pricewaterhouse Coopers LLP as tax advisors to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Pricewaterhouse Coopers LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other

4

professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## V.    Accounts Receivable Financing

NOW, THEREFORE, BE IT RESOLVED, that the forms, terms and provisions of the (i) Seventh Amendment and Waiver to Securitization Agreements dated January 19, 2010 amending each of the Amended and Restated Receivables Funding and Administration Agreement dated December 28, 2007 and the Amended and Restated Receivables Sale and Servicing Agreement dated December 28, 2007 and (ii) Amended Atrium Funding Corp. II Fee Letter dated January 19, 2010 (collectively, the "*Amended A/R Agreements*") in substantially the form submitted to the Board of Directors on the date hereof, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Companies is hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver each of the Amended A/R Agreements to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the officer of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

## VI.    Debtor in Possession Financing

NOW, THEREFORE, BE IT RESOLVED, that the forms, terms and provisions of the Senior Secured Priming and Superpriority Debtor-In-Possession Credit Agreement dated as of January 19, 2010 the ("*DIP Credit Agreement,*") and, together with each other document, instrument or agreement executed by Atrium Corporation ("**Atrium**") and any other Borrower (defined below) in connection therewith (the "*DIP Credit Documents*"), among Atrium as debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code, and the domestic subsidiaries of Atrium that are signatories thereto (each a "*Subsidiary Guarantor*" and, collectively, the "*Guarantors*"), each of which Guarantors will be a debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code (collectively, the "*Cases*"), GE Business Financial Services Inc., as administrative agent and collateral agent (the "*DIP Agent*"), and

5

each of the other financial institutions from time to time party to the DIP Credit Agreement (together with the DIP Agent, the "*DIP Lenders*"), which DIP Credit Documents (a) provide Atrium with a delayed term loan of up to $40 million on a secured super-priority basis, (b) require all of Atrium's obligations thereunder to be guaranteed by the Guarantors and (c) provide for the proceeds therefrom to be used for purposes not materially inconsistent with any budget provided to DIP Agent and DIP Lenders, including postpetition operating expenses of administration of the Cases, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Companies is hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver each of the DIP Credit Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the officer of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that the Companies, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Credit Agreement (the "**DIP Obligations**") and undertake any and all related transactions contemplated thereby (collectively, the "*Financing Transactions*"); and it is

RESOLVED FURTHER, that each and every officer, including the Authorized Officers, of the Companies be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Companies to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Companies or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Credit Documents (including, without limitation, any amendments, supplements or modifications to the DIP Credit Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Companies now or hereafter acquired as contemplated by the DIP Credit Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Companies in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and

6

delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions and execute and deliver (a) the DIP Credit Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "*Financing Documents*"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Credit Documents or any other Financing Document; and it is

RESOLVED FURTHER, that the Authorized Officers and each other officer of the Companies be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "*UCC*") financing statements and any necessary assignments for security or other documents in the name of the Companies that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Credit Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Credit Documents; and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Companies' obligations under or in connection with the DIP Credit Documents or any of the other Financing Documents and the transactions contemplated

7

therein and to carry out fully the intent of the foregoing resolutions; and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified.

## VII.    Further Actions and Prior Actions

NOW, THEREFORE, BE IT RESOLVED that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of each Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, each Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

\* \* \* \* \*

8

# CERTIFICATE

The undersigned, Philip J. Ragona, Secretary of each of the following (each, a *"Company"* and, collectively, the *"Companies"*):

(i) Atrium Corporation, ACIH, Inc., Atrium Companies, Inc., Aluminum Screen Manufacturers Inc., Atrium Door and Window Company of Arizona, Atrium Door and Window Company of the Northwest, Atrium Enterprises, Inc., Atrium Extrusion Systems, Inc., Atrium Vinyl, Inc., Atrium Windows and Doors of Ontario, Inc., Champion Window, Inc., Thermal Industries, Inc., each a Delaware corporation;

(ii) Total Trim, Inc. and R.G. Darby Company, Inc., each an Alabama corporation;

(iii) Atrium Florida, Inc. and Atrium Door and Window Company - West Coast, each a Texas corporation;

(iv) Superior Engineered Products Corporation, a California corporation;

(v) Atrium Door and Window Company of the Rockies, a Colorado corporation; and

(vi) Atrium Door and Window Company of the Northeast, a Connecticut corporation,

hereby certifies as follows:

1. I am the duly qualified and elected Secretary of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto is a true, complete and correct copy of the Resolutions of the Board of Directors of the Companies (the *"Board of Directors"*), duly adopted in accordance with each Company's bylaws.

3. Such resolution has not been amended, altered, annulled, rescinded or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 19th day of January 2010.

By:     Philip J. Ragona
Title:   Secretary

10