**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| ATRIUM DOOR AND WINDOW COMPANY OF THE NORTHWEST, | ) ) Case No. 10-10157 (BLS) ) |
| Debtor. | ) Jointly Administered ) Under Case No. 10-10150 (BLS) ) |

## DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ATRIUM CORPORATION, *et al.*,[1] | ) | Case No. 10-10150 (BLS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## Introduction

Atrium Corporation ("***Atrium***") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

Mr. Wayne C. Terry has signed each of the Schedules and Statements.  Mr. Terry is the Chief Financial Officer of Atrium and authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Terry has relied upon the efforts, statements and representations of various personnel employed by the Debtors.  Mr. Terry has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Global Notes***")

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Atrium Corporation (4598); ACIH, Inc. (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company – West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium Door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium Enterprises Inc. (6531); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562); Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. (8042).  The Debtors' main corporate address is 3890 W. Northwest Highway, Suite 500, Dallas, Texas 75220.

pertain to, are incorporated by reference in and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding any such disclosure, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On January 20, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Also on January 20, 2010, Debtor North Star Manufacturing (London) Ltd. sought relief under the *Companies' Creditors Arrangement Act* (R.S.C. 1985, c. C-36) in the Ontario Superior Court of Justice (Commercial List) in Toronto, Ontario, Canada.

On January 21, 2010, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases. On February 2, 2010, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code.

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of January 19, 2010. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have fully

depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as:   (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares; (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) debtor/non-debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws or with respect to any theories of liability or for any other purpose.

**Intercompany Claims**.  Receivables and payables among the Debtors in these chapter 11 cases and their affiliates (each an "*Intercompany Receivable*" or "*Intercompany Payable*" and, collectively, the "*Intercompany Claims*") are not reflected in the Schedules.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission

that such intellectual property rights have not been abandoned, terminated assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts.

**Classifications**. Listing a claim on (1) Schedule D as "secured," (2) Schedule E as "priority," (3) Schedule F as "unsecured" or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts.

**Claims Description**. Schedules D, E and F permit each of the Debtors to designate a claim as "disputed", "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Moreover, the Debtors expressly reserve all rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    (a)    <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    (b)    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(c)     <u>Paid Claims</u>. The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment or duplicate payments for any such liabilities.

(d)     <u>Excluded Assets and Liabilities</u>. The Debtors have excluded accrued liabilities, including accrued salaries and employee benefits, tax accruals and accrued accounts payable from the Schedules and Statements. Certain other immaterial assets and liabilities may also have been excluded.

(e)     <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Foreign Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars ("*USD*"). Certain of these amounts, however, may have been converted to USD from Canadian Dollars ("*CAD*"). In the case of amounts related to the Schedules, the applicable exchange rate is the rate as of January 19, 2010, which is fixed at $1 USD = $1.031 CAD. In the case of amounts related to the Statements, the applicable exchange rate is derived from the average exchange rate for the six-month period prior to January 19, 2010, which is fixed at $1 USD = 1.074 CAD.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A**. For those Debtors that own real property, such owned real estate is reported net of accumulated depreciation through January 19, 2010. The Debtors may have listed certain assets as real property when such holdings are in fact personal property holdings, or the Debtors may have listed certain assets as personal property assets when such holdings are in fact real property holdings. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B1 and B2**. The Debtors have listed bank balances as of January 19, 2010, for amounts related to checking, savings and other financial accounts. Details with respect to the Debtors' cash management systems and bank accounts are provided in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (A) Continue to Operate the Cash Management System; (B) Honor Certain Prepetition Obligations Related to the Cash Management System; (C) Maintain Existing Business Forms; and (D) Grant Claims and Perform Under Certain*

*Intercompany Arrangements and Historical Practices* (the "**Cash Management Motion**") [Docket No. 7].

**Schedule B3**.  The Bankruptcy Court has authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule B, which is prepared as of the Petition Date.

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B-9 is available in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing, but Not Directing, the Debtor to (A) Continue Prepetition Insurance Coverage; (B) Maintain Funding of Insurance Premiums; (C) Maintain Funding for an Insurance Letter of Credit; and (D) Maintain Funding for Insurance Brokers* (the "**Insurance Motion**") [Docket No. 13].

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B13 and B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  Certain of the Debtors participate in an accounts receivable securitization facility (the "**A/R Facility**").  By interim order dated January 21, 2010, the Bankruptcy Court authorized the Debtors to maintain the A/R Facility on a postpetition basis [Docket No. 56].  Schedule B16 does not reflect accounts receivable that have been sold pursuant to the A/R Facility since the Petition Date.

**Schedule B21**.  In the ordinary course of business, and unbeknownst to the Debtors, they may have, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant.  Considering that such claims are unbeknownst to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedules B28 and B29**.  Although the Debtors have made every effort to ensure the accuracy of Schedules B28 and B29, inadvertent errors, omissions or inclusion may have occurred. Additionally, there may be certain assets for which their value included in a fixed asset group or certain assets with a net book value of zero that are not set forth on Schedule B28 or B-29.

Certain assets and inventory listed in Schedules B29 are reflected as having a negative value. These amounts represent accrued reductions in the value of inventory which the Debtors use to offset the value of current inventory in order to accurately estimate the value of current inventory.

**Schedule D**.  The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve the right to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility, only the administrative agent, GE Business Financial Services, Inc. has been listed for purposes of Schedule D.

As discussed above, certain of the Debtors participate in the A/R Facility and may, in certain circumstances, have obligations under the terms of the A/R Facility to the non-Debtor entity Atrium Funding Corporation II ("***Atrium Funding***") that constitute secured claims. Because accounts receivable are sold on a daily basis, the Debtors have not listed these secured claims on Schedule D.

**<u>Schedule E</u>**. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain claims that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, by interim order dated January 21, 2010, the Bankruptcy Court authorized the Debtors to pay or honor certain prepetition obligations for employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Additionally, by interim order dated January 21, 2010, the Bankruptcy Court authorized the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. To the extent such claims have been paid, they are not included on Schedule E.

The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred before the Petition Date.

**Schedule F**.  The Debtors have used best efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records.  The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.  Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims on a postpetition basis.  For example, by interim order dated January 21, 2010, the Bankruptcy Court authorized the Debtors to honor certain prepetition obligations to customers.  Additionally, by interim order dated January 21, 2010, the Bankruptcy Court authorized the Debtors to pay certain prepetition claims the Debtors' vendors and suppliers.  The Debtors' Schedule F reflects the Debtors' payment of certain claims pursuant to these orders, and, to the extent an unsecured claim has been paid, it is not included on Schedule F.  The Debtor may pay additional claims listed on Schedule F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserve the right to update Schedule F to reflect such payments.

Schedule F contains information regarding pending litigation involving the Debtors.  In certain instances, the amount that is the subject of the litigation is uncertain or undetermined.  Where the named defendant is "Atrium" or an Atrium-purported entity that does not exist, the Debtors have listed such claim on Schedule F of Atrium Companies, Inc.  Otherwise, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule F for that Debtor.  The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.  Some of the litigation claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Schedule F reflects unsecured claims related to the 11.0% unsecured notes due 2012 and the 15.0% unsecured notes due 2012 (together, the "*Senior Subordinated Notes*").  With the exception of Debtor Atrium Corporation, which has no obligation under the Senior Subordinated Notes, and Atrium Companies Inc, which is the principal obligor under the Senior Subordinated Notes, all remaining Debtors are guarantors under the Senior Subordinated Notes.

**Schedule G**.  The Debtors' businesses are complex.  Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts

at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facility are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guaranties associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

The Debtors reserve their rights to amend the Schedules to the extent that additional guaranties are identified or such guaranties are discovered to have expired or be unenforceable.

Additionally, each of the Debtors, other than Atrium Corporation, is obligated under the Debtors' prepetition senior secured credit facility. Although there are multiple lenders under the Debtors' prepetition secured credit facility, only the administrative agent, GE Business Financial Services, Inc. has been listed for purposes of Schedule H. Similarly, each of the Debtors, other than Atrium Corporation, is obligated on the Debtors' prepetition 11.0% unsecured notes and 15.0% unsecured notes. Although there are multiple unsecured Noteholders, only the indenture trustees, U.S. Bank National Association and Wells Fargo Bank, National Association, respectively, have been listed for purposes of Schedule H.

As discussed above, certain of the Debtors participate in the A/R Facility and may, in certain circumstances, have obligations under the terms of the A/R Facility to the non-Debtor entity Atrium Funding. Atrium Funding has, under the agreements governing the A/R Facility, assigned its claims against the Debtors; however, the Debtors have only listed Atrium Funding for the purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Staements 1 and 2**. Exhibits S-1 and S-2 of the Statements illustrate gross revenue for 2008 through 2010. These exhibits also include revenue from Atrium Door and Window Company of Arizona which was discontinued in 2008. Therefore, the sales figures reported in Exhibits S-1 and S-2 may differ from GAAP financial statements.

**Statement 3b**. Disbursements and other transfers identified in Statement 3b are made through the Debtors' complex and integrated cash management system. All disbursement information reported in Statement 3b pertains to the bank accounts maintained by that respective Debtor. Additionally, Statement 3b accounts for a respective Debtor's Intercompany Transactions, as defined and discussed in the Cash Management Motion.

**Statement 3c**: The Debtors included a comprehensive response to Statement 3c in Statement 23.

**Statement 4a**. Information provided in Statement 4a includes legal disputes that, although not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors are aware that counterparties have attempted to commence such actions. Accordingly, in the Debtors' attempt to provide full disclosure, they have identified such matters in Statement 4a. Any information contained in Statement 4(a) shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings included therein.

**Statement 8**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  Considering, however, that these losses have no material impact on the Debtors' businesses or are of a significantly lesser value than the Debtors' high deductible, and thus, not worth reporting to the Debtors' insurance carrier, the Debtors do not keep records of such losses.  Accordingly, the Debtors are unable to provide information pursuant to Statement 8.

**Statement 9**.  Although all of the Debtors retained the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Atrium Companies, Inc.

**Statement 13**.  The Debtors' vendors and trade creditors routinely set-off against amounts owed to the Debtors in the ordinary course of business.  These setoffs could include pricing adjustments for a variety of issues, including billing errors, account reconciliations and ordinary course trade disputes.  These set-offs are small in amount, do not have a material impact on the Debtors' businesses and are not generally tracked by the Debtors.  Accordingly, such information is not provided in Statement 13.

**Statements 17a, b and c**.  The Debtors have operated their businesses in numerous locations over an extended period of time, during the course of which, a number of business locations have ceased operations and/or been divested.  Additionally, certain individuals who once possessed information responsive to Statements 17a, b and c are no longer employed by the Debtors.  Although the Debtors devoted substantial internal and external resources to identify and provide relevant information for Statements 17a, b and c, it appears that the Debtors no longer maintain relevant or reasonably accessible and reviewable records concerning potential environmental liability.  Accordingly, it is not reasonably possible to identify and supply the requested information for the "sites," "notices" or "proceedings" responsive to Statements 17a, b or c.  If, however, information becomes available, the Debtors reserve their rights to subsequently supplement or amend Statements 17a, b or c.

**Statement 18a**.  With respect to information provided in Statement 18a, the Debtors have disclosed the address of each Debtor's main center of operations or headquarters, and have not included information regarding any related manufacturing, warehousing or storage facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

**Statement 19d**.  The Debtors have undertaken reasonable efforts to identify all financial institutions, creditors and other parties to whom a financial statement was issued within two years immediately before the Petition Date.  Considering, however, the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, there is a possibility that certain recipients of the Debtors' financial statements have been inadvertently omitted from Statement 19d.  In addition, the Debtors were unable to uncover information concerning the dates services discussed in Statement 19d were provided.  Accordingly, the Debtors reserve their rights to subsequently supplement or amend Statement 19d upon discovery of additional information.

**Statement 20a**.  Information provided in Statement 20a pertains to inventories of multiple facilities maintained by Aluminum Screen Manufacturers, Atrium Companies, Inc. and Thermal Industries, Inc.  Accordingly, more than two inventories are provided in Statement 20a with respect to those Debtor entities.

**Statement 23**.  Certain of the members of a respective Debtor's board of directors serve on the boards of multiple Debtor entities.  In exchange for their service, these directors receive a consolidated compensation package as opposed to individual payments from each Debtor. Considering that this compensation package is remitted by Atrium Companies, Inc., such payments are solely recorded on Atrium Companies, Inc.'s Statement.

**Statement 25**:  The Debtors' corporate payroll does not maintain federal taxpayer identification numbers for either of its pension funds.  Accordingly, the Debtors are unable to provide such information in Statement 25.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

**STATEMENT OF FINANCIAL AFFAIRS**

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  Do not include the name or address of a minor child in this statement.  Indicate payments, transfers and the like to minor children by stating "a minor child."  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

"In business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider."  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C.  § 101.

# STATEMENT OF FINANCIAL AFFAIRS

**1.      Income from employment or operation of business**

NONE
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Exhibit S-1**

**2.      Income other than from employment or operation of business**

NONE
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Exhibit S-2**

**3.      Payments to creditors Complete a. or b., as appropriate, and c.**
*Complete a. or b. as appropriate, and c.*

NONE
☒

a.      Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
☐

b.      Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 3b and Exhibit S-3b**

## STATEMENT OF FINANCIAL AFFAIRS

NONE

☐

      c.    All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 3c and Exhibit S-23**

**4.      Suits and administrative proceedings, executions, garnishments and attachments**

NONE

☐

      a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 4a and Exhibit S-4a**

NONE

☒

      b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5.      Repossessions, foreclosures and returns**

NONE

☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6.      Assignments and receiverships**

NONE

☒

      a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

☒

      b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## STATEMENT OF FINANCIAL AFFAIRS

**7.**     **Gifts**

NONE
[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8.**     **Losses**

NONE
[ ]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 8**

**9.**     **Payments related to debt counseling or bankruptcy**

NONE
[ ]

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 9 and Exhibit S-9**

**10.**     **Other transfers**

NONE
[ ]

a.     List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Exhibit S-10a**

NONE
[X]

b.     List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

## STATEMENT OF FINANCIAL AFFAIRS

**11.      Closed financial accounts**

NONE
[X]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12.      Safe deposit boxes**

NONE
[X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13.      Setoffs**

NONE
[ ]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 13**

**14.      Property held for another person**

NONE
[X]

List all property owned by another person that the debtor holds or controls.

**15.      Prior address of debtor**

NONE
[ ]

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**See Exhibit S-15**

**16.      Spouses and Former Spouses**

NONE
[X]

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

# STATEMENT OF FINANCIAL AFFAIRS

**17.    Environmental Information**

For the purpose of this question, the following definitions apply:

'Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

'Site"  means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including,  but not limited to, disposal sites.

'Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

NONE


a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and if known, the Environmental Law:

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 17a,b, and c**

NONE


b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 17a,b, and c**

NONE


c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 17a,b, and c**

# STATEMENT OF FINANCIAL AFFAIRS

**18.**     **Nature, location and name of business**

NONE

[X]

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was a self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

NONE

[X]

b.      Identify any business listed in respect to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time. (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within  six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

**19.**     **Books, records and financial statements**

NONE

[ ]

a.      List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See Exhibit S-19a**

NONE

[ ]

b.      List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**See Exhibit S-19b**

## STATEMENT OF FINANCIAL AFFAIRS

NONE

☐

    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

**See Exhibit S-19c**

NONE

☐

    d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

**See Specific Disclosures with Respect to the Debtors' Statements, Statement 19d and Exhibit S-19d**

**20.**      **Inventories**

NONE

☐

    a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**See Exhibit S-20a**

NONE

☐

    b.    List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**See Exhibit S-20b**

**21.**      **Current Partners, Officers, Directors and Shareholders**

NONE

☒

    a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NONE

☐

    b.    If the debtor is a corporation, list all the officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

**See Exhibit S-21b**

**22.**      **Former partners, officers, directors and shareholders**

NONE

☒

    a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NONE
☐

    b.      If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

**See Exhibit S-22b**

**23.    Withdrawals from a partnership or distributions by a corporation**

NONE
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

**See Speciic Disclosures with Respect to the Debtors' Statements, Statement 23 and Exhibit S-23**

**24.    Tax Consolidation Group.**

NONE
☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

**See Exhibit S-24**

**25.    Pension Funds.**

NONE
☒

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

*(if completed on behalf of a partnership or corporation)*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date: 02/19/2010                                        Signature:  _Wayne C. Terry_

Continuation sheets attached:  58                Wayne C. Terry
                                                                      Chief Financial Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-1
## INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

| TIME PERIOD | GROSS AMOUNT |
|---|---|
| JANUARY 1, 2010 - JANUARY 19, 2010 | $ 862,541.28 |
| JANUARY 1, 2009 - DECEMBER 31, 2009 | $ 24,772,350.06 |
| JANUARY 1, 2008 - DECEMBER 31, 2008 | $ 29,478,890.19 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-2
### INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS

| TIME PERIOD | GROSS AMOUNT | SOURCE |
| --- | --- | --- |
| JANUARY 1, 2008 - DECEMBER 31, 2008 | $ 190,955.00 | THIS INCOME REPRESENTS PAYMENT TERMS DISCOUNTS RECEIVED BY THE DEBTOR. |
| JANUARY 1, 2009 - DECEMBER 31, 2009 | $ 259,590.00 | THIS INCOME REPRESENTS PAYMENT TERMS DISCOUNTS RECEIVED BY THE DEBTOR. |
| JANUARY 1, 2010 - JANUARY 19, 2010 | $ 5,579.00 | THIS INCOME REPRESENTS PAYMENT TERMS DISCOUNTS RECEIVED BY THE DEBTOR. |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| ALPINE AUTOMOTIVE<br>213 SOUTH 3RD AVE, YAKIMA, WA 98902 | | |
| | 11/3/2009 | $ 5,654.03 |
| | 11/10/2009 | $ 550.61 |
| | **Total: $** | **6,204.64** |
| ALUMET MFG. INC.<br>3803 136TH ST NE, MARYSVILLE, WA 98271 | | |
| | 10/22/2009 | $ 724.76 |
| | 10/27/2009 | $ 672.41 |
| | 11/3/2009 | $ 11,280.64 |
| | 11/5/2009 | $ 3,350.46 |
| | 11/10/2009 | $ 493.55 |
| | 11/17/2009 | $ 196.31 |
| | 11/19/2009 | $ 10,326.62 |
| | 11/24/2009 | $ 826.94 |
| | 12/3/2009 | $ 12,163.30 |
| | 12/8/2009 | $ 1,883.63 |
| | 12/17/2009 | $ 16,998.25 |
| | **Total: $** | **58,916.87** |
| ALUMINITE MANUFACTURING CO.INC<br>137 SEARS ROAD, CHEHALIS, WA 98532 | | |
| | 10/22/2009 | $ 12,427.90 |
| | 10/27/2009 | $ 1,286.57 |
| | 11/3/2009 | $ 14,362.66 |
| | 11/5/2009 | $ 16,375.67 |
| | 11/10/2009 | $ 1,353.20 |
| | 11/12/2009 | $ 6,968.13 |
| | 11/17/2009 | $ 2,381.82 |
| | 11/19/2009 | $ 11,895.45 |
| | 11/24/2009 | $ 9,429.54 |
| | 12/1/2009 | $ 359.31 |
| | 12/3/2009 | $ 7,183.50 |
| | 12/8/2009 | $ 2,920.44 |
| | 12/10/2009 | $ 8,353.49 |
| | 12/15/2009 | $ 9,604.36 |
| | 12/17/2009 | $ 7,810.66 |
| | 12/22/2009 | $ 13,432.47 |
| | 12/29/2009 | $ 5,154.93 |
| | 1/5/2010 | $ 4,750.10 |
| | **Total: $** | **136,050.20** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| AMESBURY GROUP<br>P.O. BOX 75535, CHARLOTTE, NC, NC 28275-0535 | | |
| | 10/22/2009 | $ 65.04 |
| | 10/27/2009 | $ 33.60 |
| | 10/29/2009 | $ 445.49 |
| | 11/3/2009 | $ 9,057.21 |
| | 11/5/2009 | $ 107.77 |
| | 11/17/2009 | $ 139.52 |
| | 11/19/2009 | $ 615.27 |
| | 11/24/2009 | $ 7,844.13 |
| | 12/1/2009 | $ 787.92 |
| | 12/1/2009 | $ 93.22 |
| | 12/3/2009 | $ 24.46 |
| | 12/8/2009 | $ 79.41 |
| | 12/10/2009 | $ 710.57 |
| | 12/15/2009 | $ 290.50 |
| | 12/22/2009 | $ 266.73 |
| | 12/29/2009 | $ 1,313.20 |
| | 1/7/2010 | $ 8,053.53 |
| | **Total: $** | **29,927.57** |
| BERLIN METALS INC<br>DEPT. 3931, P.O. BOX 2088, MILWAUKEE, WI<br>53201-2088 | | |
| | 10/22/2009 | $ 3,898.54 |
| | 11/19/2009 | $ 4,209.80 |
| | 12/15/2009 | $ 10,308.68 |
| | 12/22/2009 | $ 2,870.70 |
| | **Total: $** | **21,287.72** |
| BSI DOOR HARDWARE<br>P.O. BOX 751579, CHARLOTTE, NC 28275 | | |
| | 10/27/2009 | $ 928.75 |
| | 10/29/2009 | $ 217.80 |
| | 11/5/2009 | $ 5,443.46 |
| | 11/12/2009 | $ 639.54 |
| | 12/1/2009 | $ 174.85 |
| | 12/3/2009 | $ 4,943.01 |
| | 12/8/2009 | $ 23.56 |
| | 12/10/2009 | $ 415.87 |
| | 12/17/2009 | $ 563.90 |
| | 1/5/2010 | $ 639.54 |
| | 1/12/2010 | $ 7,635.88 |
| | **Total: $** | **21,626.16** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
## PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| CARDINAL GLASS | | |
| NW 9013, P.O. BOX 1450, MINNEAPOLIS, MN 55485 | | |
| | 10/22/2009 | $ 58,621.46 |
| | 10/23/2009 | $ 58,621.46 |
| | 11/2/2009 | $ 57,121.25 |
| | 11/2/2009 | $ 57,121.25 |
| | 11/3/2009 | $ 62,182.22 |
| | 11/4/2009 | $ 62,182.22 |
| | 11/5/2009 | $ 44,594.26 |
| | 11/6/2009 | $ 44,594.26 |
| | 11/10/2009 | $ 43,579.63 |
| | 11/11/2009 | $ 43,579.63 |
| | 11/12/2009 | $ 36,706.98 |
| | 11/13/2009 | $ 36,706.98 |
| | 11/17/2009 | $ 3,105.00 |
| | 11/18/2009 | $ 3,105.00 |
| | 11/19/2009 | $ 49,891.48 |
| | 11/20/2009 | $ 49,891.48 |
| | 11/24/2009 | $ 54,607.93 |
| | 11/25/2009 | $ 54,607.93 |
| | 12/1/2009 | $ 15,048.79 |
| | 12/2/2009 | $ 15,048.79 |
| | 12/3/2009 | $ 34,347.79 |
| | 12/4/2009 | $ 34,347.79 |
| | 12/8/2009 | $ 29,332.81 |
| | 12/9/2009 | $ 29,332.81 |
| | 12/10/2009 | $ 22,004.99 |
| | 12/11/2009 | $ 22,004.99 |
| | 12/17/2009 | $ 74,298.60 |
| | 12/18/2009 | $ 74,298.60 |
| | 12/22/2009 | $ 18,449.72 |
| | 12/23/2009 | $ 18,449.72 |
| | 12/29/2009 | $ 44,549.64 |
| | 12/30/2009 | $ 44,549.64 |
| | 1/5/2010 | $ 26,473.88 |
| | 1/6/2010 | $ 26,473.88 |
| | 1/7/2010 | $ 30,245.73 |
| | 1/8/2010 | $ 30,245.73 |
| | 1/12/2010 | $ 1,199.75 |
| | 1/13/2010 | $ 1,199.75 |
| | 1/14/2010 | $ 26,968.44 |
| | 1/15/2010 | $ 26,968.44 |
| | 1/18/2010 | $ 36,387.57 |
| | 1/19/2010 | $ 36,387.57 |
| | **Total: $** | **1,539,435.84** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
## PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| **CASCADE NATURAL GAS CORP.**<br>P.O. BOX 34344, SEATTLE, WA 98124-1344 | | |
| | 11/19/2009 | $ 2,390.15 |
| | 12/17/2009 | $ 4,206.25 |
| | **Total: $** | **6,596.40** |
| **CENTURY HARDWARE**<br>13621 NE 126TH PLACE #400, KIRKLAND, WA 98034 | | |
| | 11/5/2009 | $ 1,416.73 |
| | 11/24/2009 | $ 2,262.00 |
| | 12/29/2009 | $ 944.48 |
| | 1/5/2010 | $ 1,350.00 |
| | **Total: $** | **5,973.21** |
| **CHINOOK INDUSTRIAL PARK**<br>C/O STEVE SIMON, 3520 SOUTH 5TH AVE, YAKIMA, WA 98903 | | |
| | 11/2/2009 | $ 500.00 |
| | 11/2/2009 | $ 24,919.10 |
| | 12/1/2009 | $ 24,919.10 |
| | 12/1/2009 | $ 500.00 |
| | 1/4/2010 | $ 24,919.10 |
| | 1/4/2010 | $ 500.00 |
| | **Total: $** | **76,257.30** |
| **CITY OF UNION GAP**<br>P.O. BOX 3008, UNION GAP, WA 98903-0008 | | |
| | 11/10/2009 | $ 2,945.15 |
| | 12/10/2009 | $ 2,519.74 |
| | 1/7/2010 | $ 2,390.19 |
| | **Total: $** | **7,855.08** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| COLORCOAT INC | | |
| 1347 TERMINAL ST, WEST SACRAMENTO, CA 95691 | | |
| | 10/22/2009 | $ 3,254.70 |
| | 11/3/2009 | $ 5,767.76 |
| | 11/5/2009 | $ 4,519.28 |
| | 11/10/2009 | $ 5,015.86 |
| | 11/12/2009 | $ 4,468.86 |
| | 11/17/2009 | $ 1,321.65 |
| | 11/19/2009 | $ 235.89 |
| | 11/24/2009 | $ 3,406.33 |
| | 12/3/2009 | $ 3,359.88 |
| | 12/10/2009 | $ 1,828.27 |
| | 12/15/2009 | $ 3,161.51 |
| | 12/17/2009 | $ 1,344.42 |
| | 12/22/2009 | $ 2,769.23 |
| | 1/5/2010 | $ 436.68 |
| | **Total: $** | **40,890.32** |
| DECO PRODUCTS COMPANY LLLP | | |
| 506 SANFORD ST, DECORAH, IA 52101 | | |
| | 10/22/2009 | $ 2,294.45 |
| | 11/5/2009 | $ 244.18 |
| | 12/3/2009 | $ 2,930.08 |
| | 12/8/2009 | $ 264.82 |
| | 12/10/2009 | $ 2,414.07 |
| | 1/5/2010 | $ 941.15 |
| | **Total: $** | **9,088.75** |
| DEPARTMENT OF LABOR & INDUSTRIES | | |
| P.O. BOX 34022, SEATTLE, WA 98124-1022 | | |
| | 10/29/2009 | $ 68,803.13 |
| | **Total: $** | **68,803.13** |
| EMERALD TOOL INC. | | |
| 6332 6TH AVE SOUTH, P.O. BOX 80312, SEATTLE, WA 98108 | | |
| | 11/5/2009 | $ 1,619.29 |
| | 11/12/2009 | $ 331.60 |
| | 11/19/2009 | $ 147.13 |
| | 11/24/2009 | $ 182.67 |
| | 12/3/2009 | $ 959.83 |
| | 12/15/2009 | $ 2,200.13 |
| | 12/17/2009 | $ 593.21 |
| | 12/22/2009 | $ 550.34 |
| | **Total: $** | **6,584.20** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| FASTENAL COMPANY<br>P.O. BOX 978, WINONA, MN 55987-0978 | | |
| | 10/22/2009 | $ 25.23 |
| | 11/3/2009 | $ 2,486.30 |
| | 11/10/2009 | $ 88.52 |
| | 11/12/2009 | $ 2,265.53 |
| | 11/17/2009 | $ 19.35 |
| | 11/24/2009 | $ 2,558.82 |
| | 12/3/2009 | $ 73.35 |
| | 12/15/2009 | $ 86.64 |
| | 12/17/2009 | $ 2,761.93 |
| | 12/29/2009 | $ 566.94 |
| | 1/7/2010 | $ 2,130.07 |
| | **Total: $** | **13,062.68** |
| FRANK LOWE RUBBER & GASKET CO<br>44 RAMSEY RD, SHIRLEY, NY 11967 | | |
| | 11/3/2009 | $ 1,793.35 |
| | 11/12/2009 | $ 2,568.66 |
| | 12/1/2009 | $ 1,646.81 |
| | 12/8/2009 | $ 3,777.13 |
| | 12/29/2009 | $ 1,687.50 |
| | **Total: $** | **11,473.45** |
| GED INTEGRATED SOLUTIONS<br>P.O. BOX 715115, COLUMBUS, OH 43271-5115 | | |
| | 11/3/2009 | $ 335.86 |
| | 11/10/2009 | $ 166.12 |
| | 11/12/2009 | $ 911.19 |
| | 12/29/2009 | $ 3,024.45 |
| | 1/5/2010 | $ 32,307.90 |
| | **Total: $** | **36,745.52** |
| GRAPHIC LABEL INC<br>P.O. BOX 508, YAKIMA, WA 98907-0508 | | |
| | 11/3/2009 | $ 1,303.98 |
| | 11/10/2009 | $ 1,566.52 |
| | 11/17/2009 | $ 1,507.80 |
| | 11/24/2009 | $ 3,391.67 |
| | 12/3/2009 | $ 232.10 |
| | 12/8/2009 | $ 4,389.98 |
| | 12/15/2009 | $ 1,002.73 |
| | 12/22/2009 | $ 430.51 |
| | 1/5/2010 | $ 1,125.02 |
| | **Total: $** | **14,950.31** |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-3b
## PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| GRELLER & COMPANY INC<br>6668 ENGLE RD, CLEVELAND, OH 44130 | | |
| | 11/3/2009 | $ 5,380.38 |
| | 11/12/2009 | $ 186.20 |
| | 11/19/2009 | $ 344.96 |
| | **Total: $** | **5,911.54** |
| H B FULLER COMPANY<br>P.O. BOX 100218, PASADENA, CA 91189 | | |
| | 11/20/2009 | $ 8,936.23 |
| | 12/9/2009 | $ 4,979.00 |
| | 12/18/2009 | $ 9,858.42 |
| | 1/6/2010 | $ 1,542.42 |
| | **Total: $** | **25,316.07** |
| HARTUNG/AGALITE<br>DEPT #86, P.O. BOX 34935, SEATTLE, WA<br>98124-1935 | | |
| | 10/22/2009 | $ 25,694.65 |
| | 10/27/2009 | $ 3,660.03 |
| | 10/29/2009 | $ 10,077.71 |
| | 11/5/2009 | $ 12,189.40 |
| | 11/10/2009 | $ 10,263.48 |
| | 11/12/2009 | $ 11,745.20 |
| | 11/17/2009 | $ 5,406.36 |
| | 11/19/2009 | $ 12,604.11 |
| | 11/24/2009 | $ 14,229.70 |
| | 12/1/2009 | $ 2,080.04 |
| | 12/3/2009 | $ 7,129.55 |
| | 12/8/2009 | $ 6,332.80 |
| | 12/10/2009 | $ 11,319.74 |
| | 12/17/2009 | $ 33,892.38 |
| | 12/22/2009 | $ 11,240.46 |
| | 12/29/2009 | $ 6,119.52 |
| | 1/5/2010 | $ 2,552.04 |
| | 1/7/2010 | $ 2,036.78 |
| | **Total: $** | **188,573.95** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| HELLIESEN LUMBER P.O. BOX 2585, YAKIMA, WA 98907 | | |
| | 10/22/2009 | $ 1,760.30 |
| | 11/3/2009 | $ 1,150.20 |
| | 11/12/2009 | $ 563.16 |
| | 11/19/2009 | $ 549.53 |
| | 12/1/2009 | $ 602.59 |
| | 12/3/2009 | $ 392.78 |
| | 12/8/2009 | $ 607.11 |
| | 12/10/2009 | $ 530.54 |
| | 12/15/2009 | $ 330.65 |
| | 12/22/2009 | $ 186.39 |
| | 12/29/2009 | $ 530.55 |
| | 1/5/2010 | $ 636.31 |
| | **Total: $** | **7,840.11** |
| HORIZON DISTRIBUTION, INC. 226 S. 1ST STREET, P.O. BOX 1021, YAKIMA, WA 98907 | | |
| | 10/27/2009 | $ 1,485.17 |
| | 11/3/2009 | $ 89.44 |
| | 11/10/2009 | $ 4,073.97 |
| | 11/17/2009 | $ 1,874.28 |
| | 11/19/2009 | $ 39.48 |
| | 12/3/2009 | $ 25.23 |
| | 12/10/2009 | $ 1,987.92 |
| | 12/17/2009 | $ 1,279.45 |
| | 1/5/2010 | $ 3,072.66 |
| | **Total: $** | **13,927.60** |
| INNOVATIVE SOURCING INC 421 KEYS RD, YAKIMA, WA 98901 | | |
| | 10/29/2009 | $ 2,116.80 |
| | 11/3/2009 | $ 1,058.40 |
| | 11/5/2009 | $ 1,569.60 |
| | 11/12/2009 | $ 2,116.80 |
| | 11/19/2009 | $ 684.00 |
| | 12/3/2009 | $ 1,908.00 |
| | 12/10/2009 | $ 1,890.00 |
| | 12/29/2009 | $ 1,569.60 |
| | 1/7/2010 | $ 1,411.20 |
| | **Total: $** | **14,324.40** |

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-3b**
**PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475**

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| INTERLOCK USA<br>3317 SOLUTIONS CENTER, CHICAGO, IL 60677 | | |
| | 10/22/2009 | $          37.20 |
| | 10/27/2009 | $        826.50 |
| | 11/3/2009 | $        319.20 |
| | 11/5/2009 | $     2,523.00 |
| | 11/19/2009 | $     2,965.10 |
| | 11/24/2009 | $     2,657.00 |
| | 12/10/2009 | $     3,910.00 |
| | 12/15/2009 | $        673.50 |
| | 12/22/2009 | $     1,142.25 |
| | 1/5/2010 | $     1,519.00 |
| | **Total: $** | **16,572.75** |
| LEADING EDGE DISTRIBUTION<br>P.O. BOX 75602, CLEVELAND, OH 44101-4755 | | |
| | 11/3/2009 | $     4,986.74 |
| | 11/19/2009 | $     2,056.69 |
| | 12/1/2009 | $     2,048.41 |
| | 12/29/2009 | $     2,069.10 |
| | **Total: $** | **11,160.94** |
| MERCHANTS FASTENER CORP<br>45-18 COURT SQUARE , SUITE #601, LONG ISLAND CITY, NY 11101 | | |
| | 10/27/2009 | $        524.12 |
| | 11/10/2009 | $        192.07 |
| | 11/24/2009 | $        513.83 |
| | 12/1/2009 | $        424.98 |
| | 12/10/2009 | $     2,024.48 |
| | 12/15/2009 | $     1,887.54 |
| | 12/22/2009 | $     1,410.74 |
| | **Total: $** | **6,977.76** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| MIKRON INDUSTRIES, INC. DEPARTMENT 4157, P.O. BOX 34936, SEATTLE, WA 98124-1936 | | |
| | 10/23/2009 | $ 5,513.33 |
| | 11/2/2009 | $ 24,873.52 |
| | 11/4/2009 | $ 88,083.24 |
| | 11/6/2009 | $ 184,691.13 |
| | 11/11/2009 | $ 31,562.12 |
| | 11/13/2009 | $ 159,873.81 |
| | 11/18/2009 | $ 47,828.02 |
| | 11/20/2009 | $ 12,947.62 |
| | 11/25/2009 | $ 42,724.55 |
| | 12/2/2009 | $ 53,142.46 |
| | 12/4/2009 | $ 78,058.80 |
| | 12/9/2009 | $ 838.04 |
| | 12/11/2009 | $ 5,098.54 |
| | 12/18/2009 | $ 141,730.47 |
| | 12/23/2009 | $ 153,358.26 |
| | 12/30/2009 | $ 69,922.22 |
| | 1/13/2010 | $ 77,564.14 |
| | 1/15/2010 | $ 5,421.77 |
| | **Total: $** | **1,183,232.04** |
| PACIFIC POWER 1033 NE 6TH AVE, PORTLAND, OR 97256-0001 | | |
| | 11/10/2009 | $ 10,751.22 |
| | 12/15/2009 | $ 10,613.32 |
| | **Total: $** | **21,364.54** |
| PROVIDENT SERVICES P.O. BOX 9727, YAKIMA, WA 98909-0727 | | |
| | 10/22/2009 | $ 270.71 |
| | 11/3/2009 | $ 112.91 |
| | 11/12/2009 | $ 927.95 |
| | 11/19/2009 | $ 909.87 |
| | 12/3/2009 | $ 543.38 |
| | 12/15/2009 | $ 2,327.89 |
| | 12/22/2009 | $ 961.03 |
| | 12/29/2009 | $ 591.12 |
| | 1/5/2010 | $ 482.96 |
| | **Total: $** | **7,127.82** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| QUEST GROUP TRUST V<br>P.O. BOX 60000, SAN FRANCISCO, CA 974160 | | |
| | 11/10/2009 | $ 77.00 |
| | 11/24/2009 | $ 3,296.00 |
| | 12/1/2009 | $ 77.00 |
| | 12/22/2009 | $ 3,296.00 |
| | 12/29/2009 | $ 109.00 |
| | **Total: $** | **6,855.00** |
| R. LANG COMPANY<br>P.O. BOX 7960, VISALIA, CA 93290-7960 | | |
| | 10/23/2009 | $ 542.32 |
| | 10/27/2009 | $ 1,107.11 |
| | 11/3/2009 | $ 1,115.41 |
| | 11/10/2009 | $ 691.85 |
| | 11/12/2009 | $ 2,788.35 |
| | 11/17/2009 | $ 1,760.79 |
| | 11/19/2009 | $ 842.65 |
| | 11/24/2009 | $ 2,466.76 |
| | 12/1/2009 | $ 1,061.88 |
| | 12/3/2009 | $ 579.91 |
| | 12/8/2009 | $ 1,145.15 |
| | 12/10/2009 | $ 1,776.22 |
| | 12/17/2009 | $ 456.65 |
| | 12/22/2009 | $ 2,709.49 |
| | 12/29/2009 | $ 1,144.59 |
| | 1/5/2010 | $ 1,001.02 |
| | **Total: $** | **21,190.15** |
| RO-MAI INDUSTRIES INC<br>1605 ENTERPRISE PARKWAY, TWINSBURG, OH 44087 | | |
| | 11/5/2009 | $ 7,200.00 |
| | 12/17/2009 | $ 332.53 |
| | 12/29/2009 | $ 334.88 |
| | 1/5/2010 | $ 1,132.82 |
| | 1/7/2010 | $ 708.82 |
| | **Total: $** | **9,709.05** |
| SAINT-GOBAIN TECHNICAL FABRICS<br>PNC BANK #043301627, P.O. BOX 640771 ACCT #1006118004, PITTSBURGH, PA 152640771 | | |
| | 11/5/2009 | $ 2,623.95 |
| | 12/10/2009 | $ 2,623.95 |
| | 1/12/2010 | $ 2,588.96 |
| | **Total: $** | **7,836.86** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| SCHLEGEL SYSTEM, INC.<br>P.O. BOX 3393, BUFFALO, NY 14240 | | |
| | 10/29/2009 | $ 1,066.86 |
| | 11/5/2009 | $ 997.45 |
| | 11/10/2009 | $ 1,566.87 |
| | 11/12/2009 | $ 7,527.21 |
| | 12/10/2009 | $ 1,895.91 |
| | **Total: $** | **13,054.30** |
| STATE OF WASHINGTON<br>DEPT  OF REVENUE, P.O. BOX 34051, SEATTLE, WA 981241051 | | |
| | 11/19/2009 | $ 13,838.58 |
| | 12/18/2009 | $ 9,163.00 |
| | 1/15/2010 | $ 8,484.54 |
| | **Total: $** | **31,486.12** |
| TITON INC<br>P.O. BOX 241, GRANGER, IN 46530 | | |
| | 11/3/2009 | $ 14,578.32 |
| | 11/19/2009 | $ 2,469.06 |
| | 12/1/2009 | $ 3,703.59 |
| | 1/7/2010 | $ 3,741.00 |
| | **Total: $** | **24,491.97** |
| TRUSEAL TECH INC.<br>P.O. BOX 641912, PITTSBURG, PA 15264 | | |
| | 11/18/2009 | $ 10,934.86 |
| | 11/20/2009 | $ 5,916.01 |
| | 12/4/2009 | $ 7,827.88 |
| | 12/9/2009 | $ 5,900.25 |
| | 12/23/2009 | $ 7,416.22 |
| | 1/6/2010 | $ 8,917.43 |
| | 1/13/2010 | $ 115.39 |
| | **Total: $** | **47,028.04** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| TRUTH HARDWARE<br>DEPT CH 19442, PALATINE, IL 60055-9442 | | |
| | 10/22/2009 | $ 79.69 |
| | 11/5/2009 | $ 378.38 |
| | 11/12/2009 | $ 1,495.69 |
| | 11/17/2009 | $ 1,751.31 |
| | 11/19/2009 | $ 456.39 |
| | 11/24/2009 | $ 4,259.10 |
| | 12/1/2009 | $ 10,346.79 |
| | 12/3/2009 | $ 5,632.90 |
| | 12/8/2009 | $ 349.87 |
| | 12/17/2009 | $ 481.14 |
| | 12/22/2009 | $ 3,150.10 |
| | 1/5/2010 | $ 6,386.61 |
| | 1/7/2010 | $ 8,368.17 |
| | **Total: $** | **43,136.14** |
| VENTURE TAPE CORP<br>NW 5935, P.O. BOX 1450, MINNEAPOLIS, MN 55485-5935 | | |
| | 11/12/2009 | $ 9,063.00 |
| | 12/15/2009 | $ 4,078.35 |
| | 1/5/2010 | $ 4,078.35 |
| | **Total: $** | **17,219.70** |
| W W GRAINGER INC<br>P.O. BOX 419267, KANSAS CITY, MO 64141-6267 | | |
| | 11/3/2009 | $ 214.49 |
| | 11/5/2009 | $ 386.95 |
| | 11/12/2009 | $ 337.93 |
| | 11/24/2009 | $ 726.37 |
| | 12/1/2009 | $ 2,871.75 |
| | 12/3/2009 | $ 270.34 |
| | 12/10/2009 | $ 823.70 |
| | 12/29/2009 | $ 521.44 |
| | 1/5/2010 | $ 257.26 |
| | 1/7/2010 | $ 215.62 |
| | **Total: $** | **6,625.85** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-3b
### PAYMENTS AND OTHER TRANSFERS TO CREDITORS - WITHIN 90 DAYS AND OVER $5,475

| Creditor Name and Address | Payment Date | Amount Paid |
|---|---|---|
| **WONDRACK** | | |
| P.O. BOX 2775, TRI-CITIES, WA 99302 | | |
| | 10/22/2009 | $ 9,548.43 |
| | 11/10/2009 | $ 10,512.03 |
| | 11/19/2009 | $ 8,384.98 |
| | 12/8/2009 | $ 8,381.44 |
| | 12/22/2009 | $ 9,375.48 |
| | 1/7/2010 | $ 6,187.33 |
| | **Total: $** | **52,389.69** |
| **XEROX CORPORATION** | | |
| P.O. BOX 7405, PASADENA, CA 91109-7405 | | |
| | 11/3/2009 | $ 1,431.98 |
| | 11/5/2009 | $ 888.92 |
| | 11/12/2009 | $ 75.00 |
| | 12/1/2009 | $ 715.96 |
| | 12/3/2009 | $ 244.52 |
| | 12/15/2009 | $ 335.18 |
| | 12/17/2009 | $ 1,149.58 |
| | 1/5/2010 | $ 1,333.76 |
| | 1/12/2010 | $ 566.33 |
| | **Total: $** | **6,741.23** |
| **YAKIMA COUNTY TREASURER** | | |
| P.O. BOX 22530, YAKIMA, WA 98907-2530 | | |
| | 10/27/2009 | $ 16,306.80 |
| | **Total: $** | **16,306.80** |
| | **Grand Total: $** | **3,918,129.77** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-4a
### SUITS AND ADMINISTRATIVE PROCEEDINGS - WITHIN 1 YEAR

| CAPTION OF SUIT | CASE NUMBER | NATURE OF SUIT | COURT LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- | --- |
| SIENA COURT HOA V. ATRIUM | 104CV029200 | CONSTRUCTION DEFECT | SANTA CLARA, CA | SETTLED |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-9
### PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| BROADRIDGE INVESTOR COMMUNICATION | PO BOX 23487 NEWARK NJ 07189 | 7/29/2009 | $ 150.39 |
| BROADRIDGE INVESTOR COMMUNICATION | PO BOX 23487 NEWARK NJ 07189 | 7/29/2009 | $ 150.39 |
| BROADRIDGE INVESTOR COMMUNICATION | PO BOX 23487 NEWARK NJ 07189 | 7/29/2009 | $ 150.13 |
| BROADRIDGE INVESTOR COMMUNICATION | PO BOX 23487 NEWARK NJ 07189 | 7/29/2009 | $ 150.06 |
| BROADRIDGE INVESTOR COMMUNICATION | PO BOX 23487 NEWARK NJ 07189 | 7/29/2009 | $ 150.06 |
| | | **Total:** | **$ 751.03** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 12/3/2009 | $ 100,000.00 |
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 12/15/2009 | $ 47,895.00 |
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 12/23/2009 | $ 45,848.19 |
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 1/5/2010 | $ 70,035.00 |
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 1/11/2010 | $ 83,115.00 |
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 1/15/2010 | $ 99,217.06 |
| DELOITTE FINANCIAL ADVISORY SERVICES | 2200 ROSS AVE, SUITE 1600, DALLAS TX 75201 | 1/19/2010 | $ 82,284.48 |
| | | **Total:** | **$ 528,394.73** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| DTCC | VISA CARD | 1/20/2010 | $ 725.00 |
| | | **Total:** | **$ 725.00** |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-9
### PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| EQUIVALENT DATA | 4809 WESTWAY PARK BLVD HOUSTON TX 77041 | 11/5/2009 | $                     1,449.12 |
| | | Total: | $                     1,449.12 |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| ERNST & YOUNG | 222 BAYS ST TORONTO ONTARIO | 12/22/2009 | $                   46,539.19 |
| ERNST & YOUNG | 222 BAYS ST TORONTO ONTARIO | 1/8/2010 | $                   19,568.66 |
| ERNST & YOUNG | 222 BAYS ST TORONTO ONTARIO | 1/8/2010 | $                   46,539.19 |
| ERNST & YOUNG | 222 BAYS ST TORONTO ONTARIO | 1/14/2010 | $                   20,021.71 |
| | | Total: | $                 132,668.75 |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| GARDEN CITY GROUP INC | 105 MAXESS RD MELVILLE NY 11747 | 12/11/2009 | $                   35,000.00 |
| GARDEN CITY GROUP INC | 105 MAXESS RD MELVILLE NY 11747 | 1/19/2010 | $                   30,000.00 |
| | | Total: | $                   65,000.00 |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| GE BUSINESS FINANCIAL SERVICES | 201 MERRITT 7 NORWALK CT 06856 | 1/19/2010 | $                 600,000.00 |
| | | Total: | $                 600,000.00 |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| GE CAPITAL | 201 MERRITT 7 NORWALK CT 06856 | 6/23/2009 | $                   19,236.74 |
| GE CAPITAL | 201 MERRITT 7 NORWALK CT 06856 | 1/19/2010 | $                 500,000.00 |
| | | Total: | $                 519,236.74 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-9
## PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| GOODMANS LLP | 2400-250 YONGE ST TORONTO ONTARIO | 10/22/2009 | $ 93,078.38 |
| GOODMANS LLP | 2400-250 YONGE ST TORONTO ONTARIO | 1/8/2010 | $ 91,365.70 |
| GOODMANS LLP | 2400-250 YONGE ST TORONTO ONTARIO | 1/19/2010 | $ 151,762.58 |
| | | Total: | $ 336,206.66 |

| | | | |
|---|---|---|---|
| KEKST AND COMPANY INC | 437 MADISON AVE NYC NY 10022 | 11/10/2009 | $ 60,000.00 |
| KEKST AND COMPANY INC | 437 MADISON AVE NYC NY 10022 | 12/29/2009 | $ 100,000.00 |
| | | Total: | $ 160,000.00 |

| | | | |
|---|---|---|---|
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 6/5/2009 | $ 2,403.58 |
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 6/5/2009 | $ 1,585.49 |
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 8/11/2009 | $ 12,431.20 |
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 8/11/2009 | $ 10,070.46 |
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 8/18/2009 | $ 2,223.61 |
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 8/26/2009 | $ 1,667.81 |
| KILPATRICK-STOCKTON LLP | 1100 PEACHTREE ST #2800 ATLANTA GA 30309 | 1/19/2010 | $ 50,000.00 |
| | | Total: | $ 80,382.15 |

| | | | |
|---|---|---|---|
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 8/31/2009 | $ 350,000.00 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 10/22/2009 | $ 52,850.00 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-9
## PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 10/22/2009 | $ 394.34 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 11/3/2009 | $ 234,945.70 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 11/12/2009 | $ 131,442.97 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 11/20/2009 | $ 155,917.76 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 12/10/2009 | $ 157,344.44 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 12/22/2009 | $ 195,884.56 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 1/5/2010 | $ 181,345.93 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 1/11/2010 | $ 224,465.00 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 1/15/2010 | $ 254,466.98 |
| KIRKLAND & ELLIS LLP | 153 E 53RD ST NYC NY 10022 | 1/19/2010 | $ 268,847.30 |
|  |  | **Total:** | **$ 2,207,904.98** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| KLEHR HARRISON HARVEY BRANZBURG | 1835 MARKET ST PHILADELPHIA PA 19103 | 1/6/2010 | $ 100,000.00 |
|  |  | **Total:** | **$ 100,000.00** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 7/13/2009 | $ 36,531.00 |
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 7/27/2009 | $ 34,976.25 |
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 10/5/2009 | $ 70,739.64 |
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 10/27/2009 | $ 31,113.80 |
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 12/14/2009 | $ 40,687.08 |
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 12/14/2009 | $ 63,944.23 |
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 1/19/2010 | $ 290,000.00 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-9
## PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| LATHAM & WATKINS LLP | 233 S WACKER DR #5800 CHICAGO IL 60606 | 1/19/2010 | $ 103,352.88 |
| | | Total: | $ 671,344.88 |

| | | | |
|---|---|---|---|
| LEE MORTON | 4428 EARLY MORN DR PLANO TX 75093 | 12/29/2009 | $ 990.00 |
| LEE MORTON | 4428 EARLY MORN DR PLANO TX 75093 | 1/7/2010 | $ 1,060.00 |
| LEE MORTON | 4428 EARLY MORN DR PLANO TX 75093 | 1/12/2010 | $ 2,000.00 |
| LEE MORTON | 4428 EARLY MORN DR PLANO TX 75093 | 1/22/2010 | $ 1,850.00 |
| | | Total: | $ 5,900.00 |

| | | | |
|---|---|---|---|
| LOUGHLIN MEGHJI + COMPANY INC | 220 W 42ND ST NYC NY 10036 | 5/22/2009 | $ 225,000.00 |
| | | Total: | $ 225,000.00 |

| | | | |
|---|---|---|---|
| MCGRAW-HILL COMPANIES-STD & POORS | DBA S&P 2542 COLLECTION CTR DR CHICAGO IL 60693 | 10/8/2009 | $ 80,000.00 |
| | | Total: | $ 80,000.00 |

| | | | |
|---|---|---|---|
| MERRILL COMMUNICATIONS LLC | CM-9638 ST MN 55170 | 1/5/2010 | $ 4,330.00 |
| | | Total: | $ 4,330.00 |

| | | | |
|---|---|---|---|
| MOELIS & COMPANY LLC | 399 PARK AVE NYC NY 10022 | 11/3/2009 | $ 466,053.23 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-9
### PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| MOELIS & COMPANY LLC | 399 PARK AVE NYC NY 10022 | 12/22/2009 | $          151,693.77 |
| MOELIS & COMPANY LLC | 399 PARK AVE NYC NY 10022 | 1/6/2010 | $          168,497.72 |
| | | **Total:** | **$          786,244.72** |

| | | | |
|---|---|---|---|
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 4/17/2009 | $          3,755.78 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 4/23/2009 | $          2,495.43 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 4/23/2009 | $          16,935.00 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 4/23/2009 | $          1,292.39 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 4/23/2009 | $          46,943.85 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 4/23/2009 | $          2,541.26 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/2/2009 | $          21,937.82 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/2/2009 | $          61,200.16 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/2/2009 | $          16,491.22 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/30/2009 | $          610.78 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/30/2009 | $          73,702.01 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/30/2009 | $          20,016.99 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 7/30/2009 | $          19,487.79 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 9/3/2009 | $          39,539.77 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 9/3/2009 | $          4,646.55 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 9/3/2009 | $          10,120.91 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-9
## PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 11/3/2009 | $ 2,789.56 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 11/3/2009 | $ 854.19 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 11/3/2009 | $ 395.34 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 11/3/2009 | $ 55,865.18 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 11/3/2009 | $ 2,806.98 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 1/5/2010 | $ 1,470.74 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 1/5/2010 | $ 412.50 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 1/5/2010 | $ 935.03 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 1/19/2010 | $ 30,772.50 |
| PAUL HASTINGS JANOFSKY & WALKER LLP | 515 S FLOWER ST LOS ANGELES CA 90071 | 1/19/2010 | $ 14,241.75 |
| | | **Total:** | **$ 452,261.48** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| PRICEWATERHOUSE COOPERS | PO BOX 952282 DALLAS TX 75395 | 12/17/2009 | $ 139,857.00 |
| PRICEWATERHOUSE COOPERS | PO BOX 952282 DALLAS TX 75395 | 1/5/2010 | $ 54,173.00 |
| PRICEWATERHOUSE COOPERS | PO BOX 952282 DALLAS TX 75395 | 1/12/2010 | $ 40,000.00 |
| | | **Total:** | **$ 234,030.00** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| SHIPMAN & GOODWIN LLP | 1 CONSTITUTION PLAZA HARTFORD CT 06103 | 6/11/2009 | $ 2,920.50 |
| SHIPMAN & GOODWIN LLP | 1 CONSTITUTION PLAZA HARTFORD CT 06103 | 8/6/2009 | $ 1,188.00 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-9
## PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| SHIPMAN & GOODWIN LLP | 1 CONSTITUTION PLAZA HARTFORD CT 06103 | 10/6/2009 | $ 4,336.50 |
| SHIPMAN & GOODWIN LLP | 1 CONSTITUTION PLAZA HARTFORD CT 06103 | 10/15/2009 | $ 1,456.20 |
| SHIPMAN & GOODWIN LLP | 1 CONSTITUTION PLAZA HARTFORD CT 06103 | 11/24/2009 | $ 1,060.00 |
| | | **Total:** | **$ 10,961.20** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| US BANK | PO BOX 70870 ST PAUL MN 55170 | 12/22/2009 | $ 1,050.00 |
| | | **Total:** | **$ 1,050.00** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| VERTEX | 400 LIBBEY PKWY WEYMOUTH MA 02189 | 12/14/2009 | $ 33,100.00 |
| | | **Total:** | **$ 33,100.00** |

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 3/31/2009 | $ 100,000.00 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 4/3/2009 | $ 32,529.48 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 6/4/2009 | $ 54,373.24 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 7/2/2009 | $ 48,753.22 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 8/6/2009 | $ 47,622.92 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 9/3/2009 | $ 49,078.98 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 10/6/2009 | $ 35,766.30 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 11/5/2009 | $ 50,935.58 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-9
### <u>PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY - WITHIN 1 YEAR</u>

| PAYEE NAME | ADDRESS | PAYMENT DATE | DESCRIPTION AND VALUE OR AMOUNT PAID PER FIRM |
|---|---|---|---|
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 12/3/2009 | $               69,830.24 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 12/22/2009 | $              120,325.38 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 1/14/2010 | $              140,404.94 |
| WACHTELL LIPTON ROSEN & KATZ | 51 W 52ND ST NYC NY 10019 | 1/19/2010 | $              332,500.00 |

|  |  | **Total:** | **$          1,082,120.28** |
|---|---|---|---|

|  |  | **Grand Total:** | **$          8,319,061.72** |
|---|---|---|---|

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-10a
### OTHER PROPERTY TRANSFERRED ABSOLUTELY OR AS SECURITY - WITHIN 2 YEARS

| NAME AND ADDRESS OF TRANSFEREE | RELATIONSHIP TO DEBTOR | DATE OF TRANSFER | DESCRIBE PROPERTY | VALUE RECEIVED |
|---|---|---|---|---|
| MCGRAW | PLAINTIFF | JAN-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 514,361.58 |
| MCGRAW | PLAINTIFF | FEB-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 680.70 |
| MCGRAW | PLAINTIFF | APR-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 482.04 |
| MCGRAW | PLAINTIFF | MAY-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 31,770.80 |
| MCGRAW | PLAINTIFF | JUN-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 33,915.30 |
| MCGRAW | PLAINTIFF | JUL-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 14,425.00 |
| MCGRAW | PLAINTIFF | SEP-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 89.37 |
| MCGRAW | PLAINTIFF | DEC-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 15,569.00 |
| BELLEVUE GARDENS | PLAINTIFF | SEP-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 61,191.00 |
| VILLA FIRENZE | PLAINTIFF | JAN-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 6,400.58 |
| VILLA FIRENZE | PLAINTIFF | APR-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 1,556.24 |
| VILLA FIRENZE | PLAINTIFF | MAY-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 3,228.06 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-10a
### OTHER PROPERTY TRANSFERRED ABSOLUTELY OR AS SECURITY - WITHIN 2 YEARS

| NAME AND ADDRESS OF TRANSFEREE | RELATIONSHIP TO DEBTOR | DATE OF TRANSFER | DESCRIBE PROPERTY | VALUE RECEIVED |
|---|---|---|---|---|
| VILLA FIRENZE | PLAINTIFF | JUN-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ (7.74) |
| VILLA FIRENZE | PLAINTIFF | SEP-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ (364.80) |
| SIENA COURT | PLAINTIFF | JAN-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 728.68 |
| SIENA COURT | PLAINTIFF | FEB-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 374.77 |
| SIENA COURT | PLAINTIFF | MAR-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 299.95 |
| SIENA COURT | PLAINTIFF | MAY-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 4.41 |
| SIENA COURT | PLAINTIFF | JUN-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 659.86 |
| SIENA COURT | PLAINTIFF | JUL-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 57.09 |
| SIENA COURT | PLAINTIFF | AUG-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 2,965.11 |
| SIENA COURT | PLAINTIFF | OCT-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 5.72 |
| SIENA COURT | PLAINTIFF | NOV-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 1,073.06 |
| SIENA COURT | PLAINTIFF | DEC-08 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 346.85 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-10a
### OTHER PROPERTY TRANSFERRED ABSOLUTELY OR AS SECURITY - WITHIN 2 YEARS

| NAME AND ADDRESS OF TRANSFEREE | RELATIONSHIP TO DEBTOR | DATE OF TRANSFER | DESCRIBE PROPERTY | VALUE RECEIVED |
|---|---|---|---|---|
| SIENA COURT | PLAINTIFF | JAN-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 1,951.66 |
| SIENA COURT | PLAINTIFF | FEB-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 8,983.42 |
| SIENA COURT | PLAINTIFF | MAR-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 14,208.43 |
| SIENA COURT | PLAINTIFF | APR-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 456.91 |
| SIENA COURT | PLAINTIFF | MAY-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 699.08 |
| SIENA COURT | PLAINTIFF | JUL-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 2,479.29 |
| SIENA COURT | PLAINTIFF | AUG-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 246.95 |
| SIENA COURT | PLAINTIFF | SEP-09 | INSTALLMENT PAYMENT PURSUANT TO SETTLEMENT | $ 32.50 |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-15
## <u>PRIOR ADDRESS OF DEBTOR - WITHIN 3 YEARS</u>

| ADDRESS | NAME | DATES OF OCCUPANCY | |
|---------|------|--------------------|---|
| 19804 114TH PLACE NE, WOODINVILLE, WA 98072 | ATRIUM NORTHWEST, ATRIUM WASHINGTON, BEST BUILT | 12/1/2003 | 2/28/2007 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19a
## BOOKKEEPERS AND ACCOUNTANTS - WITHIN 2 YEARS

| NAME | ADDRESS | DATES SERVICES RENDERED | |
|---|---|---|---|
| AMBER VAUGHT | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 9/13/2004 | PRESENT |
| DEBRA PURDON | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 4/26/2007 | PRESENT |
| GLEN ATTERBERRY | 3400 TACOMA STREET UNION GAP, WA 98903 | 4/18/2000 | PRESENT |
| MICHELLE RODEN | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 7/9/2007 | PRESENT |
| TERRI YOUNG | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 7/30/2007 | PRESENT |
| TERRY J ROWLEY | 3400 TACOMA STREET UNION GAP, WA 98903 | 12/2/2002 | PRESENT |
| TONYA PAYNE | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 10/27/2008 | PRESENT |
| WALTER ITOMAN | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 12/26/2006 | PRESENT |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-19b
### AUDITORS OR FINANCIAL STATEMENT PREPARERS- WITHIN 2 YEARS

| NAME | ADDRESS | DATES SERVICES RENDERED | | CONTACT NAME, IF FIRM |
|---|---|---|---|---|
| DELOITTE & TOUCHE LLP | 2200 ROSS AVENUE, SUITE 1600, DALLAS, TEXAS 75201 | 2004 | PRESENT | BILL J BUECHELE |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-19c
### POSSESSION OF THE BOOKS OF ACCOUNT AND RECORDS

| NAME | ADDRESS | DATES SERVICES RENDERED | |
|------|---------|------|------|
| AMBER VAUGHT | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 9/13/2004 | PRESENT |
| DEBRA PURDON | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 4/26/2007 | PRESENT |
| GLEN ATTERBERRY | 3400 TACOMA STREET UNION GAP, WA  98903 | 4/18/2000 | PRESENT |
| MICHELLE RODEN | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 7/9/2007 | PRESENT |
| TERRI YOUNG | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 7/30/2007 | PRESENT |
| TERRY J ROWLEY | 3400 TACOMA STREET UNION GAP, WA  98903 | 12/2/2002 | PRESENT |
| TONYA PAYNE | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 10/27/2008 | PRESENT |
| WALTER ITOMAN | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | 12/26/2006 | PRESENT |

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-19d**
**FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS**

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| DDJ CAPITAL | 130 TURNER STREET, SUITE 600, BUILDING 3, STONY BROOK OFFICE PARK, WALTHAM, MA 2453 | BEN SANTONELLI |
| FEINGOLD O'KEEFE CAPITAL | ONE EXETER PLAZA, 699 BOYLSTON STREET, 3RD FLOOR, BOSTON, MA 2116 | ANDREA O'KEEFE |
| 3CAP | P.O. BOX 190692, BOISE, ID 83719 | DAVE GARG |
| 40/86 ADVISORS | 535 N. COLLEGE DRIVE, CARMEL, IN 46032 | FRANKLIN BERG |
| ABP INVESTMENTS | 666 3RD AVENUE, NEW YORK, NY 10017 | JIM BABCOCK |
| AGC FLAT GLASS NORTH AMERICA | 11175 CICERO DR. , SUITE 400, ALPHARETTA, GA 30022 | PAUL GARLAND |
| ALCOA | 201 ISABELLA STREET, PITTSBURGH, PA 15212 | GREG HEROUX |
| AMERICAN CENTURY | 1665 CHARLESTON RD, MOUNTAIN VIEW, CA 94043 | MICHAEL DIFLEY |
| ANGELO GORDON | 245 PARK AVENUE , NEW YORK, NY 10167 | DALE STOHR |
| ANGELO GORDON & CO | 245 PARK AVE  , NEW YORK, NY 10167 | MAUREEN D'ALLEVA |
| ASLAN ADVISORS, LP | 375 PARK AVENUE, NEW YORK, NY 10152 | BRUCE GREGORY |
| ATRADIUS | 230 SCHILLING CIRCLE, SUITE 240, HUNT VALLEY, MD  21031 | JOHN FLAHAUT |
| BABSON CAPITAL | 340 MADISON AVENUE, 18TH FLOOR, NEW YORK, NY 10017 | JOHN WHEELER |
| BABSON CAPITAL | INDEPENDENCE WHARF, 470 ATLANTIC AVENUE, BOSTON, MA 2210 | STEVE EHRENBERG |
| BANK OF AMERICA | 100 N. TRYON ST., CENTER, CHARLOTTE, NC 28255 | MATT SLATE |
| BANK OF AMERICA | 100 N. TRYON ST., CENTER, CHARLOTTE, NC 28255 | JORDAN R BLOCK |
| BANK OF AMERICA | 100 N. TRYON ST., CENTER, CHARLOTTE, NC 28255 | JORDAN R BLOCK |
| BARCLAYS CAPITAL | 200 PARK AVENUE, NEW YORK, NY 10166 | JAMES INCOGNITO |

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-19d**
**FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS**

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| BB&T CAPITAL MARKETS | 909 EAST MAIN STREET, RICHMOND, VA 23219 | RAY LEMANSKI |
| BEAR STEARNS ASSET MANAGEMENT | 277 PARK AVENUE, NEW YORK, NY 10017 | GEORGE WILLIAMS |
| BGI GROUP | ROYAL BANK PLAZA, MAIN BRANCH, 200 BAY ST., BOX 6, TORONTO, ONTARIO M5J 2J5 | MATT BARNES |
| BLACKSTONE GROUP | 345 PARK AVE., 31ST FL., NEW YORK, NY 10154 | JOSEPH VONMEISTER |
| BOND STREET CAPITAL | 700 PALISADE AVENUE, ENGLEWOOD CLIFFS, NJ 7632 | MATT WIEDERRECHT |
| BROADPOINT | BROADPOINT.GLEACHER CORPORATE HEADQUARTERS, 12 EAST 49TH STREET, 31ST FLOOR, NEW YORK, NY 10017 | BRIAN TADDEO |
| CAPITAL GROUP | 333 S. HOPE ST., 53RD FL., LOS ANGELES, CA 90071 | RUTH MIRANDA |
| CAPITAL RESEARCH | 333 S. HOPE STREET, 53RD FLOOR, LOS ANGELES, CA 90071 | STEVE LOTWIN |
| CARLYLE | 520 MADISON AVE, NEW YORK, NY 10022 | JENNIFER HAAZ |
| CARLYLE | 1001 PENNSYLVANIA AVENUE, NW, WASHINGTON, DC 20004 | FRITZ BURKHART |
| CARVAL INVESTORS | 12700 WHITEWATER DRIVE, MINNETONKA, MN 55343 | MARK CRAWFORD |
| CDW CORP | 3201 E. ALEXANDER ROAD, NORTH LAS VEGAS, NV 89030 | BOB SWANSON |
| CHEK-T | 14800 CHARLSON ROAD , EDEN PRAIRIE, MN  55347 | PAUL NEWMAN |
| CIT GROUP | 505 FIFTH AVENUE, NEW YORK, NY 10017 | PACO TORRADO |
| CITIGROUP PRINCIPAL STRATEGIES | 399 PARK AVENUE, NEW YORK, NY 10043 | FRANK HEISS |
| CLAREN ROAD ASSET MANAGEMENT | 900 3RD AVE FL 29, NEW YORK, NY 10022 | TRENT PORTER |
| CLEARLAKE CAPITAL GROUP | 650 MADISON AVENUE, 23RD FL., NEW YORK, NY 10022 | COLIN LEONARD |
| CONNECTICUT CAPITAL | 67 CHERRY ST  , MILFORD, CT 06460 | JAN SHAW |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19d
## FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| CREDIT SUISSE | 11 MADISON AVE, NEW YORK, NY 10010 | PRATHIBHA RAMANATHAN |
| CREDIT SUISSE | 12 E. 49TH ST., NEW YORK , NY 10017 | EVAN RATNER |
| CREDIT SUISSE FIRST BOSTON | 11 MADISON AVENUE, NEW YORK, NY 10010 | SAMUEL KIM |
| D.E. SHAW & CO. | 120 WEST FORTY-FIFTH STREET, 39TH FLOOR , NEW YORK, NY 10036 | SETH CHARNOW |
| DA CAPITAL | 69 WASHINGTON ST, MARBLEHEAD, MA  01945 | MUFAZZAL HABIB |
| DALTON INVESTMENTS | 12424 WILSHIRE BOULEVARD , LOS ANGELES, CA 90025 | SWARAJ CHOWDHURY |
| DAVIDSON KEMPNER CAPITAL MANAGEMENT | 65 EAST 55TH ST, 19TH FLOOR, NEW YORK, NY 10022 | SARA TIRSCHWELL |
| DDJ CAPITAL MGMT | STONY BROOK OFFICE PARK, 130 TURNER ST, BLDG 3, SUITE 600, WALTHAM, MA 2453 | BEN SANTONELLI |
| DEUTSCHE ASSET MGMT | 345 PARK AVENUE, NEW YORK, NY 10154 | JOE TAVOLIERI |
| DEUTSCHE BANK | DEUTSCHE BANK AG, 60 WALL STREET, NEW YORK, NY 10005 | KARRU MARTINSON |
| EBF | 601 CARLSON PARKWAY, SUITE 200, MINNETONKA, MN 55305 | BEN FISHER |
| ELLIOT MANAGEMENT | 712 5TH AVENUE, NEW YORK, NY 10019 | DAVE MILLER |
| EPROFIT GUARD | 30200 TELEGRAPH RD., SUITE #250 , BINGHAM FARMS, MI 48025 | BRENT LEVASSEUR |
| EVERCORE | 55 EAST 52ND ST  , NEW YORK, NY 10055 | JEREMY MATICAN |
| FEINGOLD O'KEEFFE CAPITAL, LLC | ONE EXETER PLAZA, 699 BOYLSTON STREET, 3RD FLOOR, BOSTON, MA 2116 | ERIC M HOFF |
| FEINGOLD O'KEEFFE CAPITAL, LLC | ONE EXETER PLAZA, 699 BOYLSTON STREET, 3RD FLOOR, BOSTON, MA 2116 | SCOTT D'ORSI |
| GEORGIA GULF CORP-CREDIT DEPT | 115 PERIMETER CENTER PLACE, SUITE 460, ATLANTA, GA 30346 | JERRY BRADFORD |

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-19d**
**FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS**

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| GEORGIA GULF CORPORATION | 425 NORTH MARTINGALE ROAD, SCHAUMBURG, IL 60173 | PATRICK EDWARDS |
| GLENCORE | BAARERMATTSTRASSE 3, CH-6340 BAAR , SWITZERLAND | PATRICK WILSON |
| GLENCORE | BAARERMATTSTRASSE 3, CH-6340 BAAR, SWITZERLAND | JEFF JANKOWSKI |
| GLENVIEW CAPITAL | 767 FIFTH AVENUE, 44TH FLOOR, NEW YORK, NY 10153 | KATE COWLEY |
| GOLDMAN SACHS | 32 OLD SLIP, NEW YORK, NY 10005 | JESSICA KIM TOM |
| GOLDMAN SACHS | 32 OLD SLIP, NEW YORK, NY 10005 | PHILIP VOLPICELLI |
| GOLDMAN SACHS | 32 OLD SLIP, NEW YORK, NY 10005 | BIANCA CARVALHO |
| GOLDMAN SACHS | 32 OLD SLIP, NEW YORK, NY 10005 | JASON MOLOFF |
| GOLDMAN SACHS | 1 FINANCIAL SQUARE; FLOOR 19, NEW YORK , NY 10005 | SIRI MURTHY |
| GOLDMAN SACHS | 1 FINANCIAL SQUARE; FLOOR , NEW YORK , NY 10005 | MICHELLE PEART |
| GOLDMAN SACHS | 1 FINANCIAL SQUARE; FLOOR 19, NEW YORK , NY 10005 | PHILIP VOLPICELLI |
| GRANDVIEW CAPITAL | 820 MANHATTAN AVENUE SUITE 200, MANHATTAN BEACH, CA 90266 | KEVIN BUCKLE |
| GRANDVIEW CAPITAL | 820 MANHATTAN AVENUE SUITE 200, MANHATTAN BEACH, CA 90266 | JUSTINE HO |
| GROUP CAPITAL | 800 THIRD AVENUE, 23RD FLOOR, NEW YORK , NY 10022 | TIMOTHY MCDOWELL |
| GROUP G CAPITAL | 800 THIRD AVENUE, 23RD FLOOR, NEW YORK, NY 10022 | ARTHUR WEISS |
| GSO CAPITAL | 280 PARK AVE, 11TH FLOOR , NEW YORK, NY 10017 | BRIAN NABATIAN |
| GUARDIAN | 2300 HARMON RD., AUBURN HILLS, MI 48326 | FRANK HAZEN |
| GUGGENHEIM PARTNERS | 135 EAST 57TH STREET, NEW YORK, NY 10022 | DAVID STRAUSS |
| GUGGENHEIM PARTNERS | 135 EAST 57TH STREET, NEW YORK, NY 10022 | WILLIAM BATE |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-19d
### FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|------|---------|------------------------|
| HB FULLER | 1200 WILLOW LAKE BOULEVARD , P.O. BOX 64683, ST. PAUL, MN 37909 | BRYAN STADTLER |
| HB FULLER | 1200 WILLOW LAKE BOULEVARD , P.O. BOX 64683, ST. PAUL, MN 55164 | GREGG WALTERS |
| HIGHLAND CAPITAL MANAGEMENT | NEXBANK TOWER, 13455 NOEL ROAD, 8TH FLOOR, DALLAS, TX 75240 | JACK FERRELL |
| HIGHLAND CAPITAL MANAGEMENT | 9 WEST 57TH STREET, 38TH FLOOR, NEW YORK, NY 10019 | JOSH TERRY |
| HIGHLAND CAPITAL MANAGEMENT | 9 WEST 57TH STREET, 38TH FLOOR, NEW YORK, NY 10019 | JAKE TOMLIN |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | 9 W 57TH ST.; 38TH FL., NEW YORK, NY 10019 | NARAYAN HEGDE |
| HIGHLAND CAPITAL MANANGEMENT, L.P. | 9 W 57TH ST.; 38TH FL., NEW YORK , NY 10019 | KAYVON SHAHBAZ |
| HIGHLAND CAPITAL MGMT | NEXBANK TOWER, 13455 NOEL ROAD, 8TH FLOOR, DALLAS, TX 75240 | PON SAKUNGEW |
| HUDSON FERRY | 295 MADISON AVENUE, 31ST FLOOR, NEW YORK, NY 10017 | MARK L. DEUTSCH |
| HYDRO | 999 CORPORATE BLVD, SUITE 100, LINTHICUM HEIGHTS, MD 21090 | CLEVE HEISER |
| IAN CAUFIELD SMITH | 1718 BAXTER FOREST VALLEY COURT, CHESTERFIELD, MO 63005 | NULL |
| IMPERIAL CAPITAL | 200 KING STREET WEST, P.O. BOX 571 SUITE 1701, TORONTO, ONTARIO M5H3T4 | A WEISMAN |
| IMPERIAL CAPITAL, LLC | 485 LEXINGTON AVENUE 28TH FLOOR, NEW YORK, NY 10017 | SHANNON HSU |
| ING INVESTMENT | AMSTELVEENSEWEG 500, 1081 KL AMSTERDAM, NETHERLANDS | TED HAAG |
| JEFFERIES | 520 MADISON AVENUE, 10TH FLOOR, NEW YORK, NY 10022 | KEN BANN |
| JEFFERIES | 520 MADISON AVENUE, 10TH FLOOR, NEW YORK, NY 10022 | MICHAEL KHACHANOV |
| JEFFERIES & COMPANY, INC. | 520 MADISON AVENUE, 10TH FLOOR, NEW YORK, NY 10022 | EDWARD CHOI |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19d
## FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|------|---------|------------------------|
| JP MORGAN | 270 PARK AVE., NEW YORK, NY 10017 | W. SCOTT TELFORD |
| JP MORGAN CHASE | 270 PARK AVE., NEW YORK, NY 10017 | ANDREW CLOUSE |
| KBC FINANCIAL PARTNERS | 140 EAST 45TH STREET, 2 GRAND CENTRAL TOWER 42ND FLOOR, NEW YORK, NY 10017 | KEVIN ENG |
| KEA CAPITAL | 225 W 34TH ST SUITE 406, NEW YORK, NY 10122 | BILL ANGELOWITZ |
| LATIGO PARTNERS | 590 MADISON AVENUE, 9TH FLOOR, NEW YORK, NY 10022 | SCOTT MCCABE |
| LEHMAN | 745 SEVENTH AVENUE, NEW YORK , NY 10019 | DAVID SUN |
| LEHMAN BROS. | 745 SEVENTH AVENUE, NEW YORK, NY 10019 | NITIN DAHIYA |
| LEHMAN BROS. | 745 7TH AVE., NEW YORK, NY 10019 | BRAD SWEENEY |
| LITESPEED PARTNERS | 237 PARK AVENUE, SUITE 900, NEW YORK, NY 10017 | ROBERT GOCH |
| LITESPEED PARTNERS | 237 PARK AVENUE, SUITE 900, NEW YORK, NY 10017 | STEVE GOLDMAN |
| LORD ABBETT | LORD ABBETT DISTRIBUTOR LLC, 330 W. 9TH STREET CT7, KANSAS CITY, MO 64105-1514 | WARREN LEONARD |
| MARATHON FUND | ONE BRYANT PARK 38TH FLOOR, NEW YORK, NY 10036 | SCOTT MACKLIN |
| MAST CAPITAL LLC | 1691 MICHIGAN AVE., SUITE 320, MIAMI BEACH, FL 33139 | PETER REED |
| METAL EXCHANGE CORP | STE 700, 111 WEST PORT PLZ, SAINT LOUIS, MO 63146 | DARYL COLEMAN |
| MONARCH ALTERNATIVE CAPITAL LP | 535 MADISON AVENUE, NEW YORK, NY 10022 | CHUN WON YI |
| MOODYS INVESTORS SERVICE, INC | 99 CHURCH STREET, NEW YORK, NY 10007 | PAUL ARAN |
| MOODYS INVESTORS SERVICE, INC | 99 CHURCH STREET, NEW YORK, NY 10007 | TIINA SIILABERG |
| MURRAY CAPITAL MANAGEMENT | CLAIM THIS PROFILE680 5TH AVE, NEW YORK, NY 10019 | NICOLE TORRACO |
| NEW GENERATION ADVISERS | 225 FRIEND STREET SUITE 801, BOSTON, MA 2114 | BAILEY DENT |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19d
## FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|------|---------|----------------------|
| NEWPORT GLOBAL ADVISORS | 21 WATERWAY AVENUE, SUITE 150, THE WOODLANDS, TX 77380 | DAVID TOOLEY |
| NOBLE AMERICAS | STAMFORD HARBOR PARK , 333 LUDLOW STREET, SUITE 1230, STAMFORD, CT 6902 | E DITRI |
| NOMURA | TWO WORLD FINANCIAL CENTER BUILDING B, 18TH FLOOR, NEW YORK, NY 10281 | RYAN BAILES |
| NORAL, INC. | 623 CENTER AVENUE, PITTSBURGH, PA 15229 | JIM RAMSEY |
| NORANDA ALUMINUM | P.O. BOX 70, ST. JUDE INDUSTRIAL PARK, NEW MADRID, MO 63869 | JENNIFER WESTRIC |
| NUVEEN ASSET MANAGEMENT | 333 WEST WACKER DRIVE, 30TH FLOOR, CHICAGO, IL 60606 | CHRISTOPHER A RULLA |
| OAK HILL ADVISORS | 1114 AVENUE OF THE AMERICAS, 27TH FLOOR , NEW YORK, NY 10036 | JUSTIN TASSO |
| OPPENHEIMER & CO, INC. | 125 BROAD STREET, NEW YORK, NY 10004 | CHRISTOPHER DOHERTY |
| ORIX | 1717 MAIN STREET , SUITE 900, DALLAS, TX 75201 | PATRICK ZETLMAIER |
| PAR IV CAPITAL MANAGEMENT | 50 TICE BLVD STE 31, WOODCLIFF LAKE, 7677 | ALEX DUNCAN |
| PEQUOT CAPITAL | 500 NYALA FARM ROAD, WESTPORT, CT 6880 | JOE CAPELLA |
| PHOENIX INVESTMENT ADVISORS | 420 LEXINGTON AVE., SUITE 2225, NEW YORK, NY 10170 | ANDREW CRAY |
| PHOENIX INVESTMENT ADVISORS | THE GRAYBAR BUILDING, 420 LEXINGTON AVENUE SUITE 225, NEW YORK, NY 10170 | STEFAN LINGMERTH |
| PILOT TRAVEL CENTERS | PILOT TRAVEL CENTERS LLC, 5508 LONAS DRIVE, KNOXVILLE, TN | MITCHELL STEENROD |
| PPM AMERICA | 225 WEST WACKER SUITE 1200, CHICAGO, IL 60606 | DAVID WAGNER |
| PPM AMERICA | 225 WEST WACKER SUITE 1200, CHICAGO, IL 60606 | CHAMP RAJU |
| PROFITGUARD, LLC | 30200 TELEGRAPH RD STE 44, FRANKLIN, MI 48025 | JASON DWORIN |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19d
## FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| PRUDENTIAL | ONE CORPORATE DRIVE, SHELTON, CT 6484 | SCOTT SWANSON |
| PUTNAM | P.O. BOX 8383, BOSTON, MA 02266 | MING HUI |
| QUADRANGLE GROUP | 375 PARK AVENUE, NEW YORK , NY 10152 | TJ VIGLIOTTA |
| QUANEX BUILDING SUPPLIES | 1900 WEST LOOP SOUTH, SUITE 1500, HOUSTON, TX 77027 | BRENT KORB |
| RAYMOND JAMES | 880 CARILLON PARKWAY, ST. PETERSBURG, FL 33716 | RUSS STIVER |
| RBS SECURITIES | 101 PARK AVENUE, 10TH FLOOR, NEW YORK, NY 10178 | TODD JOHNSON |
| REDWOOD CAPITAL | 910 SYLVAN AVENUE, SUITE 130, ENGLEWOOD CLIFFS, NJ 7632 | SEAN SAULER |
| RIVER RUN MANAGEMENT | 5970 FAIRVIEW ROAD, SUITE 710, CHARLOTTE, NC 28210 | GREG GARDINER |
| ROCKVIEW CAPITAL | 900 THIRD AVE , NEW YORK, NY 10022 | BARBARA MEEHAN |
| ROTHSCHILD | 1251 AVENUE OF THE AMERICAS, 51ST , NEW YORK , NY 10020 | JOHN STEPP |
| ROYAL BANK OF SCOTLAND | 101 PARK AVENUE, 10TH FLOOR, NEW YORK, NY 10178 | MICHAEL KIM |
| ROYAL BANK OF SCOTLAND | 101 PARK AVENUE, 10TH FLOOR, NEW YORK, NY 10178 | ROBERT MANOWITZ |
| RUSAL AMERICA | 550 MAMARONECK AVENUE HARRISON, HARRISON, NY 10528 | SUSAN SCARINCI |
| SAINT GOBAIN TECHNICAL FABRICS | 1795 BASELINE ROAD, GRAND ISLAND, NY 14072 | MARILYN WOOMER |
| SANDELMAN PARTNERS | 500 PARK AVE FL 3, NEW YORK, NY 10022 | ELSA O'RIAIN |
| SANKATY ADVISORS | 111 HUNTINGTON AVENUE , BOSTON, MA 2199 | ANDREW CARLINO |
| SCOGGIN CAPITAL MGMT | 660 MADISON AVE, NEW YORK, NY 10021 | MIKE SPECTOR |
| SILVER POINT CAPITAL | TWO GREENWICH PLAZA, 1ST FLOOR, GREENWICH, CT 6830 | TRIPP CALLAN |
| SILVERPOINT CAPITAL | TWO GREENWICH PLAZA, FIRST FLOOR, GREENWICH, CT 06830 | NEIL SHAH |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19d
## FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|------|---------|------------------------|
| STANFIELD CAPITAL PARTNERS | 430 PARK AVE, NEW YORK, NY 10022 | RYAN WATSON |
| STANFIELD CAPITAL PARTNERS | 430 PARK AVENUE, NEW YORK, NY 10022 | ALEX SAVITRI |
| STANFIELD CAPITAL PARTNERS | 430 PARK AVENUE, NEW YORK, NY 10022 | KRISTEN VENTO |
| SUISSE-CREDIT | 12 E. 49TH ST., NEW YORK , NY 10017 | CHIP MEYER |
| SUN CAPITAL PARTNERS, INC. | 100 PARK AVENUE, 33RD FL., NEW YORK , NY 10017 | DMITRIY SHINKAR |
| TCW | 865 SOUTH FIGUEROA STREET, SUITE 1800, LOS ANGELES, CA 90017 | LARRY CLARK |
| TPG CREDIT | 4600 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET, MINNEAPOLIS, MN 55402 | ANDREW CHANG |
| TRIMARAN ADVISORS | 1325 AVENUE OF THE AMERICAS, 34TH FLOOR, NEW YORK, NY 10019 | CHERYL ROOT |
| TRUSEAL | 6680 PARKLAND BLVD, SOLON, OH  44139 | DEBBIE IAMMARINO |
| UBS | UBS AG BAHNHOFSTR. 45, P.O. BOX, CH-8098 ZURICH , | IAN WOODS |
| UBS CAPITAL AMERICAS LLC | 299 PARK AVENUE, NEW YORK, NY 10171 | JEFFREY GROVES |
| VENOR CAPITAL MGMT | 7 TIMES SQ, SUITE 3505, NEW YORK, NY 10036 | MATTHEW BREAUX |
| W.P. CAREY & CO | 50 ROCKEFELLER PLAZA, NEW YORK, NY 10020 | NULL |
| WACHOVIA | 301 SOUTH COLLEGE STREET 1, WACHOVIA CTR, SUITE 4000, CHARLOTTE, NC 28288 | LEE BRADING |
| WADDELL | P.O. BOX 29217, SHAWNEE MISSION, KS 66201 | BRYAN KRUG |
| WATERSHED ASSET MANAGEMENT, L.L.C. | ONE MARITIME PLAZA, SUITE 1525, SAN FRANCISCO, CA 94111 | LUKE SMILEY |
| WAYZATA INVESTMENT PARNTERS | 701 LAKE STREET EAST, WAYZATA, MN 55391 | TYLER DUNCAN |
| WELLS FARGO | 14666 W CENTER ROAD, OMAHA, NE  68144 | SEAN LYNCH |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-19d
## FINANCIAL STATEMENT RECIPIENTS - WITHIN 2 YEARS

| NAME | ADDRESS | CONTACT NAME, IF FIRM |
|---|---|---|
| ZIFF CAPITAL MANAGEMENT GROUP-OCH | 9 W 57TH ST.; 39TH FL., NEW YORK, NY 10019 | JESSE HIBBARD |

## STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-20a
## <u>SUPERVISED LAST TWO INVENTORIES TAKEN</u>

| INVENTORY DATE | LOCATION/DIVISION | INVENTORY SUPERVISOR | BASIS OF VALUATION | AMOUNT |
|---|---|---|---|---|
| 12/31/2009 | 3400 TACOMA STREET UNION GAP, WA  98903 | TERRY ROWLEY | LOWER OF COST OR MARKET | $    2,247,670.97 |
| 5/30/2009 | 3400 TACOMA STREET UNION GAP, WA  98903 | TERRY ROWLEY | LOWER OF COST OR MARKET | $    2,573,667.45 |

**STATEMENT OF FINANCIAL AFFAIRS**
**EXHIBIT S-20b**
**POSSESSION OF RECORDS ON LAST TWO INVENTORIES TAKEN**

| LOCATION OR DIVISION | CUSTODIAN |
|---|---|
| 3400 TACOMA STREET<br>UNION GAP, WA  98903 | TERRY J ROWLEY |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-21b
### OFFICERS, DIRECTORS AND SHAREHOLDERS - CORPORATIONS

| NAME | ADDRESS | TITLE | NATURE AND PERCENTAGE OF OWNERSHIP | |
|---|---|---|---|---|
| AMBER Y. VAUGHT | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | CONTROLLER AND ASSISTANT SECRETARY | | |
| ATRIUM VINYL, INC. | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | | EQUITY | 100% |
| D.D. "GUS" AGOSTINELLI | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | SENIOR VICE PRESIDENT OF HUMAN RESOURCES | | |
| GREGORY T. FAHERTY | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | PRESIDENT AND CHIEF EXECUTIVE OFFICER/DIRECTOR | | |
| LARRY T. SOLARI | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | DIRECTOR | | |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | | |
| PATRICK M. COFFEE | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | TREASURER AND ASSISTANT SECRETARY | | |
| PETER E VENERDI, JR | 3400 TACOMA STREET UNION GAP, WA  98903 | EXECUTIVE VICE PRESIDENT | | |
| PHILIP J. RAGONA | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | SENIOR VICE PRESIDENT, GENERAL COUNSEL AND SECRETARY | | |
| ROBERT E. BURNS | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | EXECUTIVE VICE PRESIDENT AND CHIEF OPERATING OFFICER | | |
| WAYNE C. TERRY | 3890 WEST NORTHWEST HIGHWAY, SUITE 500 DALLAS, TX 75220 | CHIEF FINANCIAL OFFICER | | |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-22b
### FORMER OFFICERS, DIRECTORS, AND SHAREHOLDERS - CORPORATIONS

| NAME | ADDRESS | CITY | STATE | ZIP | TITLE | TERMINATION DATE |
|------|---------|------|-------|-----|-------|------------------|
| MADHUSUDAN A. DEWAN | 3400 TACOMA STREET | UNION GAP | WA | 98903 | EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER | 7/24/2009 |

### STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 1/23/2009 | $ 650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 1/23/2009 | $ 2,502.46 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 1/23/2009 | $ 9,973.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 1/23/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 2/6/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 2/20/2009 | $ 650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 2/20/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 2/28/2009 | $ 743.95 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 3/5/2009 | $ 338.90 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 3/6/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 3/20/2009 | $ 650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 3/20/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 3/27/2009 | $ 1,362.08 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 4/3/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 4/17/2009 | $ 650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 4/17/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 4/22/2009 | $ 7,812.50 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 5/1/2009 | $ 3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 5/6/2009 | $ 304.20 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 5/13/2009 | $ 473.64 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA 98903 | VICE PRESIDENT | 5/15/2009 | $ 3,730.40 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------|------------------------|-------------------|---------------------------------------------|
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 5/29/2009 | $           650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 5/29/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 6/12/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 6/18/2009 | $           845.71 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 6/24/2009 | $           211.86 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 6/26/2009 | $           650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 6/26/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 6/30/2009 | $            88.18 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 7/10/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 7/22/2009 | $           371.20 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 7/24/2009 | $           650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 7/24/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 7/31/2009 | $           442.71 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 8/7/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 8/12/2009 | $         7,933.43 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 8/21/2009 | $           650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 8/21/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 8/31/2009 | $           666.86 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 9/4/2009 | $         3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 9/5/2009 | $           272.90 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 9/18/2009 | $         1,865.20 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------|------------------------|-------------------|---------------------------------------------|
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 9/18/2009 | $             1,865.20 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 9/18/2009 | $                650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 10/2/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 10/14/2009 | $                532.90 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 10/16/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 10/30/2009 | $                650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 10/30/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 11/6/2009 | $                559.99 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 11/13/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 11/25/2009 | $                755.90 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 11/25/2009 | $                650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 11/25/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 12/3/2009 | $                652.92 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 12/8/2009 | $                761.90 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 12/11/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 12/16/2009 | $                450.92 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 12/23/2009 | $             3,730.40 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 12/23/2009 | $                650.00 |
| PAT ZOLLARS | 3400 TACOMA STREET UNION GAP, WA  98903 | VICE PRESIDENT | 1/8/2010 | $             3,730.40 |
| | | | **Total:** $         142,848.91 | |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-23
## WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------|------------------------|-------------------|---------------------------------------------|
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 1/20/2009 | $            461.38 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 1/23/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 1/23/2009 | $          7,469.94 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 1/23/2009 | $         10,494.94 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 1/23/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 2/6/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 2/19/2009 | $            116.86 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 2/20/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 2/20/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/4/2009 | $            480.67 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/6/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/11/2009 | $            277.20 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/13/2009 | $            502.60 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/20/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/20/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 3/25/2009 | $            191.20 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 4/3/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 4/6/2009 | $            474.47 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 4/17/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 4/17/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 4/22/2009 | $         30,000.00 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 4/28/2009 | $            108.26 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/1/2009 | $            219.20 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/1/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/5/2009 | $            328.90 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/15/2009 | $            774.52 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/15/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/29/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 5/29/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 6/9/2009 | $            428.30 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 6/12/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 6/16/2009 | $            567.54 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 6/25/2009 | $            689.94 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 6/26/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 6/26/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/10/2009 | $            105.28 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/10/2009 | $          3,753.60 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/10/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/24/2009 | $          8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/24/2009 | $            (564.81) |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/24/2009 | $            500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 7/27/2009 | $            101.85 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
## WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/5/2009 | $ 723.10 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/7/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/11/2009 | $ 93.90 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/12/2009 | $ 35,464.38 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/19/2009 | $ 365.72 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/21/2009 | $ 500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 8/21/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 9/4/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 9/11/2009 | $ 925.06 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 9/18/2009 | $ 500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 9/18/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 9/23/2009 | $ 544.68 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/2/2009 | $ 386.90 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/2/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/5/2009 | $ 1,333.94 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/16/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/27/2009 | $ 438.81 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/30/2009 | $ 500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 10/30/2009 | $ 8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 11/13/2009 | $ 133.12 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 11/13/2009 | $ 8,478.40 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 11/25/2009 | $              500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 11/25/2009 | $            8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 12/8/2009 | $            1,041.18 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 12/11/2009 | $            8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 12/23/2009 | $              500.00 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 12/23/2009 | $            2,616.70 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 12/23/2009 | $            8,478.40 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 12/30/2009 | $              810.97 |
| PETER E. VENERDI, JR. | 3400 TACOMA STREET UNION GAP, WA  98903 | WESTERN REGION PRESIDENT | 1/8/2010 | $            8,478.40 |
|  |  |  | **Total:** $          328,298.70 | |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 1/23/2009 | $            1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 1/23/2009 | $              650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 2/6/2009 | $            1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 2/20/2009 | $              253.46 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 2/20/2009 | $              112.31 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 2/20/2009 | $            1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 2/20/2009 | $              544.67 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 2/20/2009 | $              650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 3/6/2009 | $            1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 3/20/2009 | $            1,730.40 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 3/20/2009 | $             169.34 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 3/20/2009 | $             650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 4/3/2009 | $          1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 4/17/2009 | $          1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 4/17/2009 | $             517.90 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 4/17/2009 | $             650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/1/2009 | $          1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/8/2009 | $             337.51 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/8/2009 | $             228.26 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/15/2009 | $          1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/15/2009 | $             495.14 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/29/2009 | $          1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 5/29/2009 | $             650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 6/12/2009 | $             865.20 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 6/12/2009 | $             865.20 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 6/26/2009 | $          1,038.24 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 6/26/2009 | $             692.16 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 6/26/2009 | $             650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 6/26/2009 | $             851.50 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 7/10/2009 | $          1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 7/10/2009 | $          1,734.95 |

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 7/17/2009 | $ 238.89 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 7/17/2009 | $ 72.84 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 7/24/2009 | $ 650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 7/24/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 8/7/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 8/21/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 8/21/2009 | $ 1,484.36 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 8/21/2009 | $ 650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 9/4/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 9/18/2009 | $ 332.72 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 9/18/2009 | $ 176.72 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 9/18/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 9/18/2009 | $ 1,671.26 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 9/18/2009 | $ 650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/2/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/16/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/16/2009 | $ 1,852.64 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/17/2009 | $ 167.20 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/30/2009 | $ 286.45 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/30/2009 | $ 1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 10/30/2009 | $ 650.00 |

# STATEMENT OF FINANCIAL AFFAIRS
## EXHIBIT S-23
### WITHDRAWALS OR DISTRIBUTIONS CREDITED OR GIVEN TO AN INSIDER - WITHIN 1 YEAR

| NAME | ADDRESS | RELATIONSHIP TO DEBTOR | DISTRIBUTION DATE | AMOUNT OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------|------------------------|-------------------|---------------------------------------------|
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 11/13/2009 | $    1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 11/13/2009 | $    2,001.81 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 11/20/2009 | $    182.75 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 11/25/2009 | $    1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 11/25/2009 | $    650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 12/8/2009 | $    292.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 12/11/2009 | $    1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 12/11/2009 | $    1,197.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 12/23/2009 | $    1,730.40 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 12/23/2009 | $    650.00 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 12/30/2009 | $    487.56 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 1/8/2010 | $    1,211.28 |
| WADE VENERDI | 3400 TACOMA STREET UNION GAP, WA  98903 | RELATIVE/PETER "BO" VENERDI | 1/8/2010 | $    519.12 |
| | | | **Total:** | $    **68,479.64** |

**Grand Total:**    $        539,627.25

## STATEMENT OF FINANCIAL AFFAIRS
### EXHIBIT S-24
### TAX CONSOLIDATION GROUPS - WITHIN 6 YEARS

| NAME OF CORPORATION | TAXPAYER ID |
|---|---|
| ATRIUM VINYL, INC | 65-0730120 |