IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ATRIUM CORPORATION, et al.,[1] | ) | Case No. 10-10150 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

ORDER AUTHORIZING RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISORS
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
NUNC PRO TUNC TO FEBRUARY 2, 2010

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. and its wholly owned subsidiaries (collectively "FTI") as financial advisors; and upon the Affidavit of Michael Eisenband in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interests in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] The Debtors in these cases, and the last four digits of each Debtor's federal taxpayer identification number are as follows: Atrium Corporation (4598); ACIH, Inc (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company – West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium (6541); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562) Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. ((9042). The Corporate address of the Debtors is 3890 W. Northwest Highway, Suite 500, Dallas, TX.

1515426.1

ORDERED that the Application be, and it hereby is, granted; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI as of February 2, 2010 as their financial advisors on the terms set forth in the Application; and it is further

ORDERED that to the extent accrued during their retention, FTI shall receive (a) the Monthly Fees and the Completion Fee as specified in the Application and (b) reimbursement of FTI's expenses. FTI's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code except as modified below; and it is further

ORDERED that notwithstanding anything to the contrary in this Order, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall retain the right and be entitled to object to the Monthly Fees and the Completion Fee based on the reasonableness standard under Bankruptcy Code sections 330 and 331. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of FTI's compensation under Bankruptcy Code sections 330 and 331. Accordingly, nothing in the Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of FTI's compensation; and it is further

ORDERED that pursuant to the preceding paragraph, FTI is entitled to reimbursement of actual and necessary expenses, subject to Court approval. The entry of this Order does not constitute approval under 11 U.S.C. section 328(a) of the reasonableness of any attorney fee and

cost requests by FTI, without prejudice to FTI's rights to seek reimbursement for such expenses; and it is further

ORDERED that FTI shall provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each significant task category, FTI shall provide an explanation of the type of work performed; and it is further

ORDERED that the following indemnification provisions be approved:

(a) subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

(b) the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 2010

                                                HONORABLE BRENDAN LINEHAN SHANNON
                                                UNITED STATES BANKRUPTCY JUDGE