IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ATRIUM CORPORATION, *et al.*,[1] ) | Case No. 10-10150 (BLS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | Related to Docket No. 174 |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "*Application*")[2] of the Debtors, for entry of an order (this "*Order*") pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1, 2016-1 and 2016-2, authorizing the Debtors to retain and employ Moelis as their financial advisor and investment banker in accordance with the terms and conditions set forth in the Engagement Letter, as amended, attached hereto as **Exhibit 1** and **Exhibit 2**, *nunc pro tunc* to the Petition Date, all as more fully described in the Application and the Dermont Declaration; and the Court having jurisdiction to consider this Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Atrium Corporation (4598); ACIH, Inc. (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company - West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium Door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium Enterprises Inc. (6531); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562); Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. (8042). The Debtors' main corporate address is 3890 W. Northwest Highway, Suite 500, Dallas, Texas 75220.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

§ 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application (the "*Hearing*"); and upon the Dermont Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Application and the Dermont Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied based on the representations made in the Application and the Dermont Declaration that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED:

1. The Application is granted to the extent provided herein, *nunc pro tunc* to January 20, 2010.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1, 2016-1 and 2016-2, the Debtors are authorized to employ and retain Moelis in accordance with the terms and conditions set forth in the Engagement Letter and to pay fees to Moelis on the terms and at the times specified in the Engagement Letter *nunc pro tunc* to the Petition Date; *provided, however*, that Moelis' prepetition retainer (the "*Retainer*") shall be applied against postpetition fees and expenses incurred by Moelis until such time as the Retainer is exhausted.

3. The provisions sets forth in the Engagement Letter (and all attachments thereto) are approved and, subject to this Order, the Debtors are authorized to pay Moelis' fees and to reimburse Moelis for its costs and expenses as provided in the Engagement Letter.

4. Moelis will file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; **provided, however,** that the requirements under Local Rule 2016-2 are hereby modified such that Moelis' restructuring professionals shall be required only to keep time records in one hour increments, Moelis' non-restructuring professionals shall not be required to keep time records, Moelis' professional shall not be required to keep time records on a project category basis and Moelis shall not be required to provide or conform to any schedules of hourly rates.

5. Moelis shall be compensated in accordance with the terms of the Engagement Letter and, in particular, all of Moelis' fees and expenses in these chapter 11 cases, including the Monthly Fee, the Restructuring Fee and the Incremental Restructuring Fee, are approved pursuant to section 328(a) of the Bankruptcy Code; **provided, moreover,** that notwithstanding anything to the contrary herein, the fees payable to Moelis pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' compensation under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding

of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' compensation.

6. The indemnification provisions included in **Annex A** to the Engagement Letter are approved during the pendency of these cases subject to the following modifications:

    a. the Debtors shall have no obligation to indemnify any Indemnified Person (as defined in the Engagement Letter), or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, willful misconduct, bad faith or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Person's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, bad faith or uncontested self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by the order granting this application;

    b. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the order granting this application), including without limitation the advancement of defense costs, such Indemnified Person must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (b) is intended only to specify the period of time under which the

4

Court shall have jurisdiction over any request for fees and expenses by any Indemnified Persons for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement;

c. contribution shall not be available to an Indemnified Person under the Engagement Letter if that Indemnified Person's bad faith, willful misconduct or gross negligence is finally determined by a court or arbitral tribunal to have primarily caused the Losses (as defined in the Engagement Letter); and

d. any limitations on any amounts to be contributed by the parties to the Engagement Letter shall be eliminated.

7. The Debtors are authorized to pay Moelis' fees and to reimburse Moelis for its costs and expenses as provided in the Engagement Letter, upon approval by the Court and pursuant to any other procedures and orders of the Court.

8. The Debtors and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: March 17, 2010
Wilmington, DE

Honorable Brendan L. Shannon
United States Bankruptcy Judge

K&E 16355665.1