IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ATRIUM CORPORATION, *et al.*,[1] | ) ) | Case No. 10-10150 (BLS) |
| Debtors. | ) ) ) ) | Jointly Administered<br>Related to Docket No. 38 1 |

### ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO THE EQUITY PURCHASE AGREEMENT WITH PLAN INVESTOR IN CONNECTION WITH THE DEBTORS' PROPOSED JOINT PLAN OF REORGANIZATION AND (B) APPROVING PAYMENT OF A TERMINATION FEE TO PLAN INVESTOR IN CONNECTION THEREWITH

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an order (this "*Order*"), pursuant to sections 363(b) and 503(b) of the Bankruptcy Code and Rule 9013-1(a) of the Local Rules, authorizing, but not directing, the Debtors to enter into the EPA with the Plan Investor and approving the Termination Fee provided for therein, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Atrium Corporation (4598); ACIH, Inc. (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company – West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium Door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium Enterprises Inc. (6531); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562); Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. (8042). The Debtors' main corporate address is 3890 W. Northwest Highway, Suite 500, Dallas, Texas 75220.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon the Sellman Declaration and the Dermont Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtors are authorized to enter into the EPA, a copy of which is attached hereto as **Exhibit 1** and incorporated by reference herein.

3. The Debtors are authorized to use estate funds to pay a Termination Fee, if applicable, as set forth in the EPA.

4. The proposed transaction under the EPA is governed by section 363(b) of the Bankruptcy Code and the waiting period set forth in section 363(b)(2)(B) thereof relating to any filings required under the HSR Act is applicable.

5. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion and to implement the EPA.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: 3/22, 2010
Wilmington, DE

Honorable Brendan L. Shannon
United States Bankruptcy Judge

K&E 16437330.9
PHIL1 927897-1