# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ATRIUM CORPORATION, et al.,[1] | ) Case No. 10-10150 (BLS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket No. 424** |

## ORDER AUTHORIZING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING FOR CLAIMS UNDER 11 U.S.C. § 503(B)(9); (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "*Motion*") of the Debtors for entry of this Bar Date Order,[2] establishing the Bar Dates by which proofs of claim must be filed in these chapter 11 cases and approving the form and manner for filing such claims and approving notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Atrium Corporation (4598); ACIH, Inc. (7822); Aluminum Screen Manufacturers, Inc. (6750); Atrium Companies, Inc. (2488); Atrium Door and Window Company – West Coast (2008); Atrium Door and Window Company of Arizona (2044); Atrium Door and Window Company of the Northeast (5384); Atrium Door and Window Company of the Northwest (3049); Atrium Door and Window Company of the Rockies (2007); Atrium Enterprises Inc. (6531); Atrium Extrusion Systems, Inc. (5765); Atrium Florida, Inc. (4562); Atrium Vinyl, Inc. (0120); Atrium Windows and Doors of Ontario, Inc. (0609); Champion Window, Inc. (1143); North Star Manufacturing (London) Ltd. (6148); R.G. Darby Company, Inc. (1046); Superior Engineered Products Corporation (4609); Thermal Industries, Inc. (3452); and Total Trim, Inc. (8042). The Debtors' main corporate address is 3890 W. Northwest Highway, Suite 500, Dallas, Texas 75220.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

### Procedures for Filing Proofs of Claim

A. **Bar Dates**

   (i) **General Bar Date**

2. Except as otherwise provided herein, each person or entity that asserts a claim[3] against any of the Debtors that arose (or are deemed to have arisen) before the Petition Date shall be required to file an original, written proof of that claim, substantially in the Claim Form annexed hereto as **Exhibit 1**.[4] Except in the case of certain circumstances explicitly set forth herein, all proofs of claim must be filed so that they are **actually received** on or before June 11, 2010 at 4:00 p.m. prevailing Eastern Time at the addresses and in the form set forth herein.

---

[3] Except as otherwise defined herein or in the Motion, all terms used in this Bar Date Order that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of the Claim Form may be obtained by: (i) calling the Debtors' restructuring hotline at (866) 405-2137; (ii) visiting the Debtors' restructuring website, available at: www.atriumrestructuring.com; and/or (iii) writing to The Garden City Group, Inc., Attn: Atrium Corporation, *et al.*, 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017-4876.

### (ii) Governmental Bar Date

3. All governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim, including claims for unpaid taxes, whether such claims arise from prepetition tax periods or prepetition transactions to which any of the Debtors were a party, must file such proofs of claim so that they are **actually received** on or before July 19, 2010 at 4:00 p.m. prevailing Eastern Time at the addresses and in the form set forth herein.

### (iii) Supplemental Bar Dates

4. Subject to the written consent of counsel for the Committee which consent shall not be unreasonably withheld, the Debtors may establish Supplemental Bar Dates with respect to (a) creditors to which a re-mailing of the Bar Date Notice is appropriate, but which cannot be accomplished in time to provide at least 35 days' notice of the applicable Bar Date and (b) other creditors that become known to the Debtors after the applicable Bar Date. To ensure parties in interest receive adequate notice of the Supplemental Bar Date, the Debtors shall: (a) file a notice of the Supplemental Bar Date with the Court and (b) mail notice of the Supplemental Bar Date to known creditors subject to the Supplemental Bar Date. The Supplemental Bar Date shall be established on a date that is no later than 35 days from the date on which the Bar Date Notice was mailed to known creditors.

### (iv) Rejection Bar Date

5. Any holder of a claim arising from the Debtors' rejection of an unexpired lease or executory contract **must** file a proof of claim by the later of (a) the General Bar Date or (b) the date provided in any order authorizing the Debtors to reject the unexpired lease or executory contract or, if no date is provided, then 35 days after the date of any order authorizing the Debtors to reject an unexpired lease or executory contract or notice of rejection is provided.

### B. Delivery of Proofs of Claim by the Bar Date

6. All proofs of claim must be **actually received** by GCG on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein). Except in the case of certain circumstances explicitly set forth herein, if proofs of claim are not actually received by GCG on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein), the holders of the underlying claims shall be forever barred from asserting such claims against the Debtors, as more fully discussed below.

### C. Parties Not Required to File Proofs of Claim

7. The following persons or entities holding claims that would otherwise be subject to the General Bar Date need not file proofs of claim:

   (a) any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form 10;

   (b) any person or entity whose claim is listed on a Debtor's Schedules, but only if: (i) such claim is not scheduled as contingent, unliquidated or disputed; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth on a Debtor's Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor(s) as set forth in the Schedules;

   (c) a holder of a claim that has previously been allowed by order of the Court;

   (d) a holder of a claim that has been paid in full by the Debtors or any other party;

   (e) a holder of a claim for which a specific deadline previously has been fixed by the Court;

   (f) any Debtor having a claim against another Debtor;

   (g) a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; *provided, however,* that a current employee must submit a proof of claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment,

hostile work environment, retaliation and/or claims covered by the Debtors' workers' compensation insurance;

(h) a customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business pursuant to an existing customer program; *provided, however*, that a customer must submit a proof of claim by the applicable Bar Date if its claim relates to damages arising from claims for breach of contract, breach of warranty, misrepresentation or any other litigation or pre-litigation claim;

(i) the prepetition agent and the prepetition lenders under the Debtors' prepetition secured credit facility, pursuant to the DIP Order;

(j) a holder of a Debt Instrument, *provided, however*, that: (i) this exclusion will not apply to the indenture trustee or designated agent under any of the Debt Instruments or related documents; (ii) an indenture trustee or designated agent under a Debt Instrument must file one proof of claim, on or before the General Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under the Debt Instrument; (iii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a claim for the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under the Debt Instrument, will be required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies; and (iv) any indenture trustee or designated agent under any Debt Instrument or related document will only be required to file a proof of claim against the chapter 11 estates of the Debtor(s) that is (are) the primary obligor(s) on the underlying debt, and if such proof of claim identifies the Debtors, together with their respective chapter 11 case numbers, that are guarantors or otherwise secondary obligors under the applicable Debt Instrument, that proof of claim will be deemed to have been filed against the chapter 11 estate of each guarantor or secondary obligor; and

(k) any claims allowable under sections 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtors' estates.

**D. Requirements for Preparing and Filing Proofs of Claim**

8. The following requirements shall apply with respect to filing and preparing each proof of claim:

(a) each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used); (iii) conform substantially with the Claim Form provided by the Debtors;

5

and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) only <u>original</u> proofs of claim will be deemed acceptable for purposes of claims administration; copies of proofs of claim or proofs of claim sent by facsimile and telecopy will not be accepted;

(c) subject to paragraph 7(j), each proof of claim <u>must</u> clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number; a proof of claim filed under the joint administration case number (No. 10-10150), or otherwise without identifying a Debtor, will be deemed as filed only against Atrium Corporation;

(d) subject to paragraph 7(j), each proof of claim must state a claim against <u>only one</u> Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor;

(e) each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d); and

(f) each proof of claim must be filed, including supporting documentation, by United States mail or other hand delivery system, so as to be **actually received** by GCG on or before the applicable Bar Date at the following address:

    If by first-class mail:

        The Garden City Group, Inc.
        Attn: Atrium Corporation, *et al.*
        P.O. Box 9576
        Dublin, Ohio 43017-4876

    If by hand delivery or overnight mail:

        The Garden City Group, Inc.
        Attn: Atrium Corporation, *et al.*
        5151 Blazer Parkway, Suite A
        Dublin, Ohio 43017-4876

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

E.  **Failure to File a Proof of Claim**

9. Any person or entity who is required, but fails, to file a proof of claim in accordance with the terms of this Bar Date Order on or before the applicable Bar Date shall be: **(a) forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and, moreover, the Debtors shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim and (b) prohibited from voting to accept or reject any plan of reorganization filed in the Debtors' chapter 11 cases or participating in any distribution on account of such claim or receive further notices regarding such claim.**

## Procedures for Providing Notice of the Bar Date

A.  **Mailing of Bar Date Notices**

10. No later than five business days after the date the Court enters this Bar Date Order, with the assistance of GCG, the Debtors shall send the Bar Date Notice, substantially in the form annexed hereto as **Exhibit 2** by first class United States mail with postage prepaid on all known persons or entities holding potential prepetition claims, including:

(a) the U.S. Trustee;

(b) counsel for the Committee;

(c) counsel for the agent under the Debtors' prepetition senior secured credit facility;

(d) counsel to the *ad hoc* group of the Debtors' term loan lenders;

(e) the indenture trustees for each of the Debtors' outstanding bond issuances;

(f) the Internal Revenue Service;

(g) all persons or entities that have requested notice of the proceedings in these chapter 11 cases;

(h) all persons or entities that have filed proofs of claim against the Debtors, if any;

(i) all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims against the Debtors;

(j) all parties to executory contracts and unexpired leases listed on the Schedules;

(k) all parties to litigation with the Debtors, if any;

(l) the United States Attorney for the State of Delaware;

(m) the monitor appointed in the CCCA Proceeding and its counsel;

(n) all current employees and former employees (to the extent that contact information for former employees is available in the Debtors' records); and

(o) all current customers and former customers (to the extent that contact information for former customers is available in the Debtors records).

11. The Debtors shall provide each of the creditors listed on each of the Debtor's Schedules with a personalized Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against whom the person or entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated or disputed; and (d) whether the claim is listed as secured, unsecured priority or unsecured non-priority. Each creditor shall have an opportunity to inspect the Claim Form provided by the Debtors and correct any information that is missing or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form; *provided, however*, that such proof of claim form must be substantially similar to the Claim Form.

12. After the initial mailing of the actual notice, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to bondholders) decline to pass along notices to

8

these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the General Bar Date noticing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to 28 days in advance of the General Bar Date, with any such mailings being deemed timely and the General Bar Date being applicable to the recipient creditors.

13. The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

**B.     Publication of Bar Date Notices**

14. The Debtors shall give notice of the General Bar Date substantially in the form annexed hereto as **Exhibit 3**, by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the publication of the Publication Notice on one occasion in the proposed list of newspapers and/or trade journals set forth on **Exhibit 4** annexed hereto on or before May 14, 2010.

### Amendment to Schedules

15. In the event the Debtors amend the Schedules, in accordance with Local Rule 1009-2, claimants holding claims affected by the amendment must file proofs of claim with respect to such claim by the later of (a) the General Bar Date or (b) 35 days from the date on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by order of the Court).

16. The Debtors are authorized, in their discretion and upon the written consent of counsel for the Committee, to extend the applicable Bar Date for certain claimants by stipulation where the Debtors determine that such extension is in the best interests of their estates.

17. The Bar Date Notice, the Publication Notice and any supplemental notices that the Debtors may send from time to time as set forth in this Bar Date Order constitute adequate and sufficient notice of each of the respective Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

19. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this order.

20. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Date: April 1, 2010
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge