# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ATRIUM CORPORATION, et al., | ) | Case No.: 10-10150 (BLS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## OBJECTION OF PPG INDUSTRIES OHIO, INC. TO
## DEBTORS' PROPOSED CURE AMOUNT

AND NOW comes PPG Industries Ohio, Inc. ("PPG"), by and through its undersigned counsel, and files the instant Objection to Debtors' Proposed Cure Amount and in support thereof avers as follows:

1. On January 20, 2010 (the "Petition Date"), the Debtors voluntarily filed the above-captioned Chapter 11 bankruptcy case under Title 11 of the United States Code (the "Bankruptcy Code").

2. PPG is counterparty to that certain License Agreement with Debtor, Atrium Companies, Inc. ("Atrium"), dated September 1, 1999 (the "Contract").

3. On January 20, 2010, the Debtors filed their Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") and, thereafter on March 16, 2010, filed their First Modified Joint Plan of Reorganization (collectively, the "Plan").

4. On April 14, 2010, the Debtors filed their Plan Supplement to Debtors' Joint Plan of Reorganization (the "Plan Supplement") in which the Debtors, *inter alia*, identified various executory contracts that the Debtors are assuming pursuant to §365 of the Bankruptcy Code.

5. The Plan Supplement identifies the Contract as an Assumed Contract on Exhibit E of the Plan Supplement.

6. The proposed cure amount associated with the assumption of the Contract is listed on Exhibit E as $195,223.10. For the reasons that follow, PPG hereby objects to the proposed Contract cure amount. Subject to its objection to the proposed cure amount, PPG does not object to the assumption of the Contract.

7. Under the Contract, Atrium is required to report to PPG on a quarterly basis as to Atrium's use and production related to the Contract and the corresponding royalties due PPG based on said production.

8. In accordance with its reporting obligations under the Contract, Atrium has reported to PPG that the total pre-Petition Date amount due and outstanding under the Contract is $272,393.10. This amount is comprised of the 2009 Fourth Quarter royalty payment in the amount of $195,223.10 (which amount the Debtors have acknowledged and identified as the proposed cure amount on the Plan Supplement) and the pre-Petition Date allocated portion of the 2010 First Quarter royalty payment due under the Contract, which pre-Petition Date portion has been reported to PPG to be $77,170.00. Because the reporting documentation related to these royalty payments contains confidential information between PPG and Atrium, it is not attached hereto; however, it will be provided to parties entitled thereto upon request and to the Court under separate cover if necessary.

9. Atrium has stated to PPG that it intends to treat both the 2009 Fourth Quarter royalty payment of $195,223.10 and the $77,170.00 portion of the 2010 First Quarter royalty payment as "pre-Petition Date debts;" therefore, PPG asserts that said amounts should and must

be paid as cure amounts pursuant to §365 of the Bankruptcy Code. Atrium has further stated in its reporting documentation that it considers and is therefore treating the remaining portion of the 2010 First Quarter royalty payment as a "post-Petition Date obligation" that will be paid in the ordinary course of business under the Contract and, therefore, PPG is not asserting such amount as part of its cure claim. However, if and to the extent that Atrium does not pay said amount in the ordinary course of business, PPG reserves the right to amend its cure claim to include any such post-Petition Date amounts not paid.

## OBJECTION TO PROPOSED CURE AMOUNT

10. PPG hereby objects to the proposed cure amount as it does not reflect or account for the total payment default under the Contract. The proposed cure amount, therefore, does not satisfy the express requirements of §365 of the Bankruptcy Code.

11. Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that:

> "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default..."

12. According to the clear and express provisions of §365(b)(1), the Debtors cannot assume the Contract without curing all defaults existing under said Contract.

13. As detailed above, the 2009 Fourth Quarter royalty payment is due and outstanding and the 2010 First Quarter royalty payment either is or will soon become due, a portion of which Atrium has indicated will not be paid in the ordinary course of business, thereby creating a payment default as to that portion.

14. The total payment default of $272,393.10 under the Contract must be paid in full to PPG in order for the Debtors to assume the Contract and, accordingly, the proposed cure amount is inadequate and contrary to the law.

15. PPG hereby reserves any and all rights that it may have with respect to the Contract or otherwise under the Bankruptcy Code or other applicable law, including but not limited to the right to amend and/or supplement its cure claim asserted herein.

WHEREFORE, PPG hereby objects to the Debtors' proposed cure amount related to the Contract and requests that an Order be entered finding that the total amount required for the Debtors to cure the defaults under the Contract is $272,393.10, and ordering any further relief deemed appropriate.

Dated: April 21, 2010

BAYARD, P.A.

*/s/ Daniel A. O'Brien, Esq.*
Ashley B. Stitzer (No. 3891)
Daniel A. O'Brien (No. 4897)
Evan T. Miller (No. 5364)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
Tel: (302) 655-5000
Fax: (302) 658-6395

*-and-*

BABST, CALLAND, CLEMENTS
& ZOMNIR, P.C.
Mark A. Lindsay, Esquire
Two Gateway Center, 6th Floor
Pittsburgh, PA 15222
T: (412) 394-6514
F: (412) 394-6576

*Counsel for PPG Industries Ohio, Inc.*