IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> ATRIUM CORPORATION., *et al.*, ) <br> ) <br> Debtors. ) <br> ) | Case No. 10-10150 (BLS) <br> Chapter 11 <br> (Jointly Administered) <br><br> Re: Docket Nos. 377, 530 & 538 |

## OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION TO FIRST MODIFIED JOINT PLAN OF REORGANIZATION OF ATRIUM CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

General Electric Capital Corporation ("GECC"), through its undersigned counsel, objects to the First Modified Joint Plan of Reorganization of Atrium Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") and states as follows:

### I. FACTUAL BACKGROUND

1. On January 20, 2010 (the "Petition Date"), Atrium Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

#### A. The Leases

2. Prior to the Petition Date, debtor Atrium Companies, Inc. ("Atrium Companies"), as lessee, and GECC, as lessor, entered into (a) a Master Lease Agreement dated as of February 26, 1999 (the "1999 Master Lease") and (b) a Master Lease Agreement dated as of December 30, 2003 (the "2003 Master Lease", and together with the 1999 Master Lease, the "Master Leases").

3. Prior the Petition Date, GECC and Atrium Companies also executed the following schedules (the "Schedules") pursuant to the Master Leases:

| Schedule | GECC account number |
|---|---|
| Trailer Schedule Schedule No. 003 dated August 1, 2001 to Master Lease Agreement dated as of February 26, 1999 | 4091828003 |
| Machine Tools Equipment Schedule Schedule No. 005 dated 12-23-02 to Master Lease Agreement dated as of February 26, 1999 | 4091828004 |
| (Over The Road) Tractor Schedule Schedule No. 006 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828006 |
| (Over The Road) Tractor Schedule Schedule No. 007 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828007 |
| (Over The Road) Tractor Schedule Schedule No. 008 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828008 |
| (Over The Road) Tractor Schedule Schedule No. 009 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828009 |
| (Over The Road) Tractor Schedule Schedule No. 010 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828010 |
| (Over The Road) Tractor Schedule Schedule No. 011 dated 8-1-05 To Master Lease Agreement dated as of February 26, 1999 | 4091828011 |
| (Over The Road) Tractor Schedule Schedule No. 001 dated 11/9/06 to Master Lease Agreement dated as of February 26, 1999 | 4191966001 |
| Truck Schedule Schedule No. 002 dated 11/9/2006 to Master Lease Agreement dated as of February 26, 1999 | 4191966002 |
| Equipment Schedule Schedule No. 002 dated December 30, 2003 to Master Lease Agreement dated as of December 30, 2003 | 4150421004 |

**B.     The Plan**

4.      On March 16, 2010, the Debtors filed the Plan (D.I. 377).

5.      Section V.A of the Plan provides:

> On the Effective Date, *except as otherwise provided herein, all . . . Unexpired Leases will be deemed assumed in accordance with the provisions and requirements of section 365 of the*
- 2 -

> *Bankruptcy Code, other than those Executory Contracts or Unexpired Leases that . . . are identified on the Rejected Executory Contract and Unexpired Lease List . . . .* Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such assumptions and the rejection of the Executory Contracts or Unexpired Leases listed on the Rejected Executory Contract and Unexpired Lease List pursuant to section 365(a) of the Bankruptcy Code.

See Plan at § V.A, p. 34 (emphasis added).

6. Section V.C of the Plan further provides that:

> *Assumption* of any . . . Unexpired Lease pursuant to the Plan or otherwise *shall result in the full release and satisfaction of any Claims or defaults*, whether monetary or nonmonetary . . . arising under any assumed . . . Unexpired Lease *at any time before the date of* [sic] *the Debtors or Reorganized Debtors assume such . . . Unexpired Lease. Any Proofs of Claim Filed with respect to an . . . Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice or action, order or approval of the Bankruptcy Court.*

See Plan at § V.C, p. 35 (emphasis added).

7. On or about April 14, 2010, the Debtors filed the Plan Supplement to the First Modified Joint Plan of Reorganization of Atrium Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan Supplement") (D.I. 530). The Plan Supplement includes, *inter alia*, Exhibit D, which contains a "List of Rejected Executory Contracts and Unexpired Leases." See Plan Supplement, Exhibit D. The Plan Supplement also includes

- 3 -

Exhibit E, which contains a "List of Assumed Executory Contracts and Unexpired Leases and Cure Schedules." See Plan Supplement, Exhibit E.[1]

8. Neither the Master Leases nor the Schedules were listed on Exhibit D or Exhibit E to the Plan Supplement. See Plan Supplement, Exhibits D, E.

9. On or about April 16, 2010, the Debtors filed the Amendment to Plan Supplement (the "Plan Supplement Amendment") (D.I. 538). The Plan Supplement Amendment purports to add certain executory contracts and unexpired leases to Exhibits D and E of the Plan Supplement. See generally Plan Supplement Amendment, Exhibits D, E.

10. Neither the Master Leases nor the Schedules were listed in the Plan Supplement Amendment. See Plan Supplement Amendment, Exhibits D, E.

11. Accordingly, the Master Leases and related Schedules are to be assumed pursuant to the default assumption provision in § V.A of the Plan.

### C. The Cure Amounts

12. As of February 1, 2010, the cure amounts due under the Master Leases and related Schedules are as follows:[2]

---

[1] Section V.C of the Plan provides that, "[a]t least ten days before the Confirmation Hearing, the Debtors shall distribute, or cause to be distributed, notices of proposed assumption and proposed amounts of Cure Claims to the applicable third parties, which notices shall include procedures for objecting to proposed assumptions of Executory Contracts and Unexpired Leases and any amounts of Cure Claims to be paid in connection therewith . . . ." See Plan, § V.C, pp. 34-35.

[2] No cure amounts are currently due under the following Schedules: (Over The Road) Tractor Schedule Schedule No. 001 dated 11/9/06 to Master Lease Agreement dated as of February 26, 1999 (Account 4191966001); and Truck

Continued on following page

US_ACTIVE-103582772.4-TREILEY

| Schedule | GECC account number | Cure amount |
| --- | --- | --- |
| Trailer Schedule Schedule No. 003 dated August 1, 2001 to Master Lease Agreement dated as of February 26, 1999 | 4091828003 | $8,012.11 |
| Machine Tools Equipment Schedule Schedule No. 005 dated 12-23-02 to Master Lease Agreement dated as of February 26, 1999 | 4091828004 | $20,156.71 |
| (Over The Road) Tractor Schedule Schedule No. 006 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828006 | $5,298.49 |
| (Over The Road) Tractor Schedule Schedule No. 007 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828007 | $5,887.21 |
| (Over The Road) Tractor Schedule Schedule No. 008 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828008 | $5,887.21 |
| (Over The Road) Tractor Schedule Schedule No. 009 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828009 | $5,887.21 |

_____

Continued from previous page

Schedule Schedule No. 002 dated 11/9/2006 to Master Lease Agreement dated as of February 26, 1999 (Account 4191966002). Additional amounts, however, continue to fall due each month under these Schedules.

| (Over The Road) Tractor Schedule Schedule No. 010 dated 5-04-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828010 | $5,918.30 |
| --- | --- | --- |
| (Over The Road) Tractor Schedule Schedule No. 011 dated 8-1-05 to Master Lease Agreement dated as of February 26, 1999 | 4091828011 | $528.28 |
| Equipment Schedule Schedule No. 002 dated December 30, 2003 to Master Lease Agreement dated as of December 30, 2003 | 4150421004 | $51,468.08 |
| **Total cure amount due as of February 1, 2010:**[3] | | **$109,043.60** |

## II. OBJECTION

13. The Bankruptcy Code generally authorizes a debtor, with bankruptcy court approval, to assume or assign an executory contract without the consent of the other party to the contract and without regard to contractual provisions prohibiting such assignment. Specifically,

---

[3] The Debtors made the following post-petition payments, pro-rated based on the Petition Date, to GECC for amounts due February 1, 2010 under the Master Leases and related Schedules: $5,341.40 (Account 4091828003), $3,532.33 (Account 4091828006), $3,924.81 (Account 4091828007), $3,924.81 (Account 4091828008), $3,924.81 (Account 4091828009), $3,945.53 (Account 4091828010) and $369.38 (Account 4091828011), totaling $24,963.07. As the result of a billing error, the Debtors then made an additional set of payments to GECC for amounts due February 1, 2010 under the Master Leases and related Schedules: $13,353.51 (Account 4091828003), $8,830.82 (Account 4091828006), $9,812.02 (Account 4091828007), $9,812.02 (Account 4091828008), $9,812.02 (Account 4191828009), $9,863.83 (Account 4191828010) and $914.84 (Account 4091828011), totaling $62,399.06. In effect, the Debtors double paid a portion of the payments due February 1, 2010 under the Master Leases and related Schedules. However, the Debtors and GECC have agreed to apply $62,399.06 to amounts the Debtors will owe GECC under the Master Leases and related Schedules in May 2010. Accordingly, the overpayment does not affect the calculation of the cure amounts.

Section 365(a) provides, in relevant part, that "the trustee, subject to the court's approval, may assume or reject any . . . unexpired lease of the debtor." 11 U.S.C. § 365(a).

14. Section 365(b)(1)(A) and (B) of the Bankruptcy Code requires a debtor to "cure" defaults and "compensate" the non-debtor party to an executory contract as a condition to the debtor in possession's assumption of an executory contract. See 11 U.S.C. § 365(b)(1)(A)-(B).

15. When a debtor assumes an executory contract or an unexpired lease it becomes a binding obligation of the debtor's bankruptcy estate. The debtor must cure defaults and provide adequate assurance of future performance in order to assume an executory contract or unexpired lease. See 11 U.S.C. § 365(b)(1)(A)-(C). If a debtor assumes a contract, it must do so *cum onere*, with all the burdens as well as the benefits. See In re Kiwi Int'l Air Lines, Inc., 344 F.3d 311, 318 (3d Cir. 2003) ("In order to assume [an executory contract or unexpired lease], the debtor in possession must cure defaults and provide assurance of future performance."); In re Rickel Home Ctrs., Inc., 209 F.3d 291, 298 (3d Cir. 2000) ("If there has been a default in an executory contract or unexpired lease, the trustee may not assume it until the trustee: (1) cures or provides adequate assurance that it will promptly cure the default; (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from the default; and (3) provides adequate assurance of future performance under the contract or lease.").

16. Pursuant to the Plan, the Master Leases and related Schedules are, by default, to be assumed. See Plan at § V.A, p. 34. The assumption by default of the Master Leases and related Schedules without fixing a cure amount operates as a full release and satisfaction of any claims under the Master Leases and related Schedules. See Plan at § V.C, p. 35. Specifically, the terms of the Plan extinguish "any Claims or defaults, whether monetary or nonmonetary . . .

US_ACTIVE-103582772.4-TREILEY

arising under any assumed . . . Unexpired Lease," including all unliquidated or contingent claims. See Plan at § V.C, p. 35. Thus, the Plan purports to extinguish GECC's continuing right to payment under the Master Leases and related Schedules as such payments fall due on an ongoing basis.

17. The Debtors are required to cure all defaults. Additional amounts under the Master Leases and related Schedules also continue to accrue. The Debtors also should be required to pay such claims as they fall due.

WHEREFORE GECC respectfully requests that this Court enter an Order (i) sustaining the Objection, (ii) requiring the Debtors to pay the $109,043.60 cure amount due as of February 1, 2010, and any other amounts accruing prior to the date of assumption, (iii) requiring the Debtors to continue to pay amounts under the Master Leases and related Schedules as they fall due after assumption of the Master Leases and Schedules, and (iv) granting such further relief as is appropriate.

Dated: April 21, 2010  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 N. Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
Email: kgwynne@reedsmith.com

Counsel to General Electric Capital Corporation